WADE, APPELLANT AND CROSS-APPELLEE, *v.* REYNOLDS ET AL., APPELLEES AND CROSS-APPELLANTS.■

(No. 85AP-766—Decided June 26, 1986.)

*Arthur C. Graves,* for Thelma Wade.

*Daniel J. White,* for William Reynolds, M.D.

*James S. Oliphant,* for John Rosemond, M.D.

*Bricker & Eckler* and *Michael J. Renner,* for St. Anthony Hospital.

NORRIS, J. All parties agree that plaintiff's original complaint, sounding in medical malpractice, was timely filed on October 31, 1980. That complaint was dismissed on March 21, 1984, for reasons otherwise than failure upon the merits, and the claim was refiled on March 21, 1985. The trial court sustained the motion to dismiss the refiled complaint on the basis that it was precluded by the statute of limitations, since the savings provisions of R.C. 2305.19 do not apply to medical malpractice claims, where the refiling occurs outside the four-year period provided by R.C. 2305.11 (B).

By her assignment of error, plaintiff argues that R.C. 2305.19 does apply under these circumstances. We agree.

Defendants argue that a medical malpractice claim may not be filed outside the four-year limit, relying upon this language of R.C. 2305.11(B):

"(B) In no event shall any medical claim against a physician * * * or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action * * * apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code * * *." (See 136 Ohio Laws, Part II, 3840, 3841.)

R.C. 2305.03 through 2305.22 provide a comprehensive scheme of limitations upon the commencement of civil actions. See R.C. 2305.03. R.C. 2305.11 is part of that scheme, as is R.C. 2305.19. Division (B) of R.C. 2305.11 provides for a specific exception from this scheme, for the commencement of medical malpractice actions, but only in the instance specifically mentioned — "regardless of legal disability and notwithstanding section 2305.16 of the Revised Code." The circumstances of this case do not, of course, involve the specific exception. Accordingly, there is no basis upon which we should conclude that R.C. 2305.19 does not apply to medical malpractice claims, especially in view of the General Assembly's having failed to include R.C. 2305.19 as a specifically enumerated exception along with R.C. 2305.16, as it easily could have.

Our conclusion is reinforced by the Supreme Court's opinion in *Saunders* v. *Choi* (1984), 12 Ohio St. 3d 247, 12 OBR 327, 466 N.E. 2d 889, where it was assumed that R.C. 2305.19 is applicable to medical malpractice claims.

Because the trial court failed to rule on the concerns raised by defendant St. Anthony Hospital in its defensive cross-assignments of error, we are in no position to pass upon them, and the cross-assignments of error are therefore overruled. As requested by counsel for John Rosemond, M.D., this court considered his position as though incorporated by reference through the briefs of William Reynolds, M.D., and St. Anthony Hospital.

The assignment of error is sustained, the cross-assignments of error are overruled, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY, J., concurs.

STRAUSBAUGH, J., dissents.

STRAUSBAUGH, J., dissenting. I regret being unable to concur in the decision by my respected colleagues. The language of R.C. 2305.11(B) is clear and unambiguous and therefore the judgment of the trial court should be affirmed.