**Mary Suddoth BRUCE,**
**Plaintiff/Appellant,**

v.

**Ralph S. HAMILTON, M.D., and**
**Ralph F. Hamilton, M.D.,**
**Defendants/Appellees.**

Court of Appeals of Tennessee,
Western Section.

Dec. 30, 1993.

Application for Permission to Appeal
Denied by Supreme Court
May 5, 1994.

J.D. Lee, Law Offices of J.D. Lee, Knox-ville, for appellant.

Michael G. McLaren, L. Mitchell Glasgow, Memphis, for appellees.

HIGHERS, Judge.

The trial court at Shelby County dismissed plaintiff Mary Suddoth Bruce's medical malpractice complaint against defendant opthalmologists, Dr. Ralph S. Hamilton and Dr. Ralph F. Hamilton, holding that the three-year statute of repose in Tennessee's Medical Malpractice Act barred plaintiff's cause of action. The primary issue on appeal, one of first impression for Tennessee's appellate courts, is whether a plaintiff may commence a new action within one year after a voluntary dismissal of an original action pursuant to Tennessee's savings statute when plaintiff's "new" action is filed beyond the three year statute of repose in Tennessee's Medical Malpractice Act.

In her complaint, plaintiff alleges that on June 24, 1987, defendant Dr. Ralph S. Hamilton performed a surgical procedure on her to correct a corneal epithel surface defect related to a prior cornea transplant. The procedure, a tarsorrhaphy, consists of sewing the eyelids together and injecting a steroid, Depo–Medrol, into the space surrounding the eyeball to promote the healing of the eye. Plaintiff alleges that defendant negligently injected the Depo–Medrol into her eyeball, causing her cornea transplant to dehisce and her retina to detach. Plaintiff alleges that she has been blind in her left eye since the June 24 injection.

On June 20, 1988, plaintiff filed a complaint against defendants for medical malpractice. On September 20, 1989, plaintiff's complaint was dismissed without prejudice. Relying on Tennessee's savings statute, T.C.A. § 28–1–105(a) (Supp.1993), plaintiff refiled her complaint against the same defendants on September 17, 1990. Tennessee's savings statute provides, "If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, ... the plaintiff, ... may, from time to time, commence a new action within one (1) year after the reversal or arrest...." Plaintiff commenced her first action within the applicable one-year statute of limitations in the Medical Malpractice Review Board and Claims Act (Medical Malpractice Act), T.C.A.

29–26–116(a)(1), and she commenced her new action within one year after the voluntary dismissal of her first action. Also, plaintiff's right of action was dismissed on a ground that did not conclude her right of action. Defendants answered and denied plaintiff's allegations of negligence. Discovery was taken and trial was set for October 5, 1992.

On September 29, 1992, defendants filed a motion to amend their answer to assert as a defense that the statute of repose in the Medical Malpractice Act barred plaintiff's cause of action. T.C.A. § 29–26–116(a)(3) provides, "In no event shall any such action [malpractice action] be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment...." Defendants filed a motion to dismiss for failure to state a claim, contending that plaintiff refiled her complaint against defendants on September 17, 1990, more than three years after June 24, 1987, the date of the alleged negligent act or the Depo–Medrol injection. The trial court dismissed plaintiff's complaint, finding that the statute of repose barred the action. Plaintiff has appealed.

■ Plaintiff first argues that defendants have waived "the statute of limitations" defense because T.R.Civ.P. 12.02 mandates "[e]very defense ... to a claim for relief ... shall be asserted in the responsive pleading thereto if one is required,...." T.R.Civ.P. 12.08 provides, "[a] party waives all defenses and objections which he does not present either by motion ... or, if he has made no motion, in his answer ... except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Plaintiff's argument fails because of her misconception of the nature of T.C.A. § 29–26–116(a)(3) as a statute of limitation. As defendants assert, T.C.A. § 29–26–116(a)(3) is a statute of repose. In *Harrison v. Schrader*, 569 S.W.2d 822, 825 (Tenn 1978), the Tennessee Supreme Court noted that T.C.A. § 29–26–116(a)(3) is not a "conventional statute of limitations" but rather is a three-year "outer limit or ceiling superimposed" upon the existing statute of limitation, requiring actions to be brought

within one year from and after the injury or damage or the date such injury or damage was discovered. *Harrison,* 569 S.W.2d at 824; *Burris v. Ikard,* 798 S.W.2d 246 (Tenn. App.1990).

■ Although the terms "statute of limitation" and "statute of repose" are sometimes loosely employed as interchangeable, they are, in fact, different in both concept and function. A statute of limitation governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within which an action may be brought and is unrelated to the accrual of any cause of action. *Klein v. Catalano,* 386 Mass. 701, 437 N.E.2d 514, 516 (1982).

■ Statutes of repose are substantive rather than procedural. The running of a statute of limitations nullifies a party's remedy, and, as such, it is a procedural mechanism and may be waived. The running of a statute of repose, on the other hand, nullifies both the remedy and the right. *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453, 456–58 (1938); *Via v. General Electric Co.,* 799 F.Supp. 837, 839 (W.D.Tenn.1992). A statute of repose is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period. *Cheswold Volunteer Fire Co. v. Lamberston Constr. Co.,* 489 A.2d 413, 421 (Del.1984). Because a statute of repose is substantive it relates to the jurisdiction of the court and "any failure to commence the action within the applicable time period extinguishes the right itself and divests the ... court of any subject matter jurisdiction which it might otherwise have." *Id.* (citation omitted). T.R.Civ.P. 12.08(2) specifically provides that the court shall dismiss any action whenever it appears that the court lacks jurisdiction of the subject matter. Accordingly, this issue is without merit.

■ We now turn to the primary issue in this case as stated *supra.* Plaintiff argues that the savings statute and the statute of repose can be construed to effectuate the legislative intent behind the enactment of both statutes without barring her claim. The purpose of the savings statute is to provide a diligent plaintiff with an opportunity to renew its suit if its complaint is dismissed by any judgment or decree that does not conclude its right of action. *Turner v. Aldor Co. of Nashville, Inc.,* 827 S.W.2d 318 (Tenn.App. 1991). A diligent plaintiff is a plaintiff whose timely filed complaint puts the defendants on notice that the complainants intend to assert their legal rights. *Lee v. Crenshaw,* 622 F.2d 202 (6th Cir.1980).

■ In essence, plaintiff asserts that the legislative intent in enacting the medical malpractice act was to provide the medical profession and insurance industry with a limit upon the period of a health care provider's potential liability for any given act. The need for such a limit was necessitated by Tennessee's adoption of the discovery rule which provides that a cause of action accrues when an injury occurs or is discovered, or when in the exercise of reasonable care and diligence, should have been discovered. *Teeters v. Currey,* 518 S.W.2d 512 (Tenn. 1974). Under the discovery rule, a potential plaintiff might not discover an injury for several years. The three-year-limit in the medical malpractice statute of repose provided certainty as to the time period during which a health care provider may be subject to potential liability, thus meeting the actuarial concerns of the insurance industry. *See Harrison v. Schrader,* 569 S.W.2d 822, 826 (Tenn.1978). Plaintiff argues that this purpose is furthered by allowing the savings statute to extend the time for filing claims beyond the three-year statute of repose because defendants are put on notice of a claim against them when plaintiff files her first action within the statute of limitations in the medical malpractice act. Plaintiff cites *Parlato v. Howe,* 470 F.Supp. 996 (E.D.Tenn. 1979), in which the court held that the medical malpractice statute of repose was not intended to interfere with Tennessee's legal disability statute authorizing a person within the age of eighteen years at the time a cause of action accrues to commence the action after the removal of the disability. The court stated that "[t]he legal disability statute rep-

resents a long-standing policy of the state of Tennessee to protect potential causes of actions by minors during the period of their minority." *Parlato* is distinguishable from the case at bar. The disability statute protects a minor's cause of action because of inability to assert a cause of action until majority. The savings statute provides protection when a suit is not disposed of on the merits. The plaintiff, however, was able to assert the first suit, unlike a minor.

Defendants argue that the savings statute is inapplicable to statutes of repose. Defendants rely on *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453 (1938), in which the Tennessee Supreme Court held that the savings statute applies to a statute of limitation which relates to the remedy only, but is inapplicable where the statute creating the right also set a time limit in which to exercise the right. *Id.* 122 S.W.2d at 456–58; *See Breneman v. Cincinnati, New Orleans & Tex. Pac. Ry. Co.*, 48 Tenn. App. 290, 346 S.W.2d 273, 276 (1961). In the recent case of *Via v. General Elec. Co.*, 799 F.Supp. 837 (W.D.Tenn.1992), the court held that Tennessee savings statute could not be used to revive a claim after Tennessee's ten-year period of repose for products liability actions had run. The court began its analysis by stating that no Tennessee case had addressed the issue and that therefore the court had to exercise its best judgment to determine what the Tennessee Supreme Court would hold were the question addressed to it. The court found *Automobile Sales Co. v. Johnson* persuasive by analogy and reasoned as follows: "The statute of repose mandates that any action under the Products Liability Act be brought 'in any event' within ten years of the first purchase for use or consumption. The use of Tennessee Code Annotated § 28–1–105 to save the claim would negate the intended effect of the 'repose' function which is to extinguish the right, not just the remedy." *Via*, 799 F.Supp. at 840.

Our research has produced several opinions from other states in which courts have addressed an issue similar to the one at bar. In *Wright v. Robinson*, 262 Ga. 844, 426 S.E.2d 870 (1993), the Supreme Court of Georgia faced the issue of whether a statutory right to dismiss an action voluntarily and refile it within six months contemplates actions extinguished by the statute of repose or only those barred by the statute of limitation. Applying the rule of statutory construction that the legislature enacts all statutes with knowledge of existing laws, the court said that the applicable statute of repose, enacted latest in time, carried more weight than the dismissal and renewal statutes. The court looked to the plain language of the renewal statute which states "the renewed case shall stand upon the same footing *as to limitation* with the original case." The statute of repose says *"in no event* may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." *Id.* 426 S.E.2d at 872. The court reasoned that a voluntary dismissal terminates the cause of action completely and that an action renewed pursuant to Georgia's renewal statute is an action *de novo*. The court concluded that "a new suit on a nonexisting cause of action cannot proceed." *Id.*

Several courts, however, have reached the opposite result. In *Limer v. Lyman*, 241 Ill.App.3d 125, 181 Ill.Dec. 667, 608 N.E.2d 918 (1993), the Illinois Court of Appeals refused to base their conclusion on a distinction between a statute of limitations and a statute of repose. The court stated, "We see no reason why the two-year limitations provision and the four-year repose provision should be given any different treatment than that of any other statute of limitations." *Id.* 181 Ill.Dec. at 669, 608 N.E.2d at 920. The court said that the four-year repose provision in Illinois' medical malpractice act was adopted to avoid the problem of an indefinite limitations period based upon the discovery rule. The court concluded that nothing in the medical malpractice act indicated that it was intended to avoid the remedial purposes of the renewal statutes. In *Wade v. Reynolds*, 34 Ohio App.3d 61, 517 N.E.2d 227, (1986), the Court of Appeals of Ohio held that the applicable savings statute permitting commencement of a new action within one year of failure of an original action other than upon the merits applied to a medical malpractice claim that involved refiling outside a

four-year medical malpractice statute of repose. The court relied on the statutory schemes involved therein and an Ohio Supreme Court opinion in which it was assumed that the savings statute was applicable to medical malpractice actions.

Plaintiff cites *Vesolowski v. Repay,* 520 N.E.2d 433 (Ind.1988), in which the court said that the applicable savings statute did not conflict with the medical malpractice statute of limitations. The savings statute provided in pertinent part that, "a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first,...." *Id.* at 434. The court said that the savings statute merely allows the continuation of a previous suit filed within the statute of limitations. *Id.* The court referred to the applicable medical malpractice statute of limitations as a statute of limitations rather than a statute of repose even though the language was indicative of a statute of repose. There is no language in Tennessee's savings statute that provides for a "continuation" of a previously filed suit. Instead, the statute reads that a plaintiff may file a "new" action.

■ Returning to the case at bar, we are mindful that our role in construing statutes is to ascertain legislative intent and then to carry it out without unduly restricting the statute's coverage or expanding it beyond its intended scope. *Davenport v. Chrysler Credit Corp.,* 818 S.W.2d 23 (Tenn.App.1991). We conclude that the language in both the statute of repose and the savings statute is unambiguous. Further, we conclude that the statutes do not conflict. As we have previously stated, the Tennessee Supreme Court has held that T.C.A. § 29–26–116(a)(3) is a statute of repose. Because it is a statute of repose it extinguished plaintiff's right to bring her action because she did not file it within three years from the date of the alleged negligent act. The savings statute allows a plaintiff to file a "new" action within one year of the dismissal of the original action. Our savings statute, like Georgia's, provides for a *de novo* action, and we conclude that plaintiff cannot bring a new suit on a nonexistent cause of action. Our conclusion is in accord with the Tennessee Supreme

Court's holding in *Automobile Sales Co.,* that the savings statute does not apply to statute of repose.

Finally, plaintiff argues that regardless of the interaction between the savings statute and the statute of repose, her action is not barred because the regimen of care and treatment provided by defendants was an ongoing process after the initial injury and that defendants were negligent in their aftercare. She asserts that her retina detached and as a result she became blind sometime within this period. In her complaint, however, she alleged that she has been blind ever since the June 24 injection. We find nothing in the complaint which alleges a separate injury due to negligence following the June 24 incident nor do we find any allegations that are sufficient to take this case out of the period covered by the statute of repose.

The judgment of the trial court is affirmed. Costs are assessed to plaintiff.

CRAWFORD and FARMER, JJ., concur.