896 F.Supp. 190 (1995)
Tomra HINKLE, a minor, by Patricia HINKLE, her Mother and Next Friend, and Patricia Hinkle and Thomas Hinkle, Individually, Plaintiffs,
v.
William HENDERSON, M.D., Defendant.
No. 93-1438.
United States District Court, C.D. Illinois, Peoria Division.
August 16, 1995.
*191 Lance Wittry, Indianapolis, IN, for plaintiffs.
Richard E. Stites, Livingston, Barger, Brandt & Schroeder, Bloomington, IL, for defendant.

ORDER
McDADE, District Judge.
Before the Court is a Report and Recommendation of the United States Magistrate Judge Robert J. Kauffman [Doc. # 20] which recommends that Defendant's, William Henderson's, Motions to Dismiss [Docs. # 4, # 8 and # 16] be denied, and that Plaintiffs, Tomra Hinkle, Patricia Hinkle, and Thomas Hinkle, be ordered to file an affidavit of merit to comply with the Illinois Malpractice Act, § 5/2-622 ("the Act"). Defendant has filed an objection to the Magistrate Judge's recommendation challenging the Magistrate Judge's rejection of his argument that 735 ILCS 5/13-217 does not apply to extend the eight year repose period contained in 5/13-212(b); and if it did apply, Plaintiff's failure to exercise reasonable diligence in effecting service of summons pursuant to Illinois Supreme Court Rule 103(b) prevents the application of 5/13-217.
Defendant has, subsequent to the Magistrate Judge's recommendation, filed a Motion to Strike and Motion to Dismiss for Failure to Comply with 735 ILCS 5/2-622 [Doc. # 29]. This motion seeks to strike the affidavit and certificate of merit filed by Plaintiffs in compliance with the recommendation of the Magistrate Judge, and seeks to dismiss the Complaint for failure to timely file the affidavit and certificate of merit. In response, Plaintiffs have filed a Motion to Strike Defendant's Motion to Strike and Motion to Dismiss [Doc. # 33] on the grounds that they have fully complied with the recommendation. Having made a de novo determination of those portions of the Report and Recommendation to which objections were made as required by 28 U.S.C. § 636(b)(1)(C), the Court rejects the recommendation of the Magistrate Judge. The Court also finds that the remaining motions should be denied as moot.

*192 BACKGROUND
In 1983 and 1984 Plaintiff Patricia Hinkle was an obstetrics patient of Defendant Dr. William Henderson. Dr. Henderson delivered Patricia Hinkle's child, Tomra, on January 23, 1984. Tomra was born blind. Plaintiffs originally filed their medical malpractice complaint against Defendant on January 23, 1992 in the Circuit Court of Cook County, Illinois. Plaintiffs voluntarily dismissed the suit on September 24, 1992. On August 17, 1993 Plaintiffs refiled the present action in federal court in the Southern District of Indiana. On September 22, 1993, pursuant to a joint motion by the parties, this case was transferred to the Central District of Illinois. Plaintiffs' Complaint is in two counts. In Count One, Plaintiff Tomra Hinkle, a minor, by her mother and next friend, seeks compensatory damages for injuries allegedly caused by Defendant. In Count Two, Plaintiffs Patricia and Thomas Hinkle, individually, seek compensatory damages arising from Tomra Hinkle's injuries. Defendant moves to dismiss, arguing this suit was filed beyond the applicable statute of repose.
The Report and Recommendation of the Magistrate Judge found that Plaintiffs' suit was timely filed, and therefore, Defendant's motions to dismiss should be denied. In so finding, the Magistrate Judge held that the period of repose applicable to this controversy, 735 ILCS 5/13-212(b), may be extended by the tolling provision contained in 735 ILCS 5/13-217 and that Plaintiffs' suit was timely filed. In support of his finding, the Magistrate Judge relied upon Limer v. Lyman, 241 Ill.App.3d 125, 181 Ill.Dec. 667, 608 N.E.2d 918 (1993), the only Illinois state court opinion which has dealt with the question of the applicability of 5/13-217 to 5/13-212. However, the Limer court discussed the applicability of 5/13-217 to 5/13-212(a) only. The present case involves 5/13-212(b). The Magistrate Judge, however, found the reasoning in Limer readily applicable to the present case and noted that nothing in the legislative history of the Act indicates that 5/13-217 should not apply to the time limitations contained in the Act.
The Magistrate Judge, sua sponte, also found that Plaintiffs failed to attach an affidavit and certificate of merit from a qualified medical expert in order to comply with 735 ILCS 5/2-622 and recommended that Plaintiffs be ordered to submit an affidavit that satisfies 5/2-622. Defendant has filed an objection to the Report and Recommendation of the Magistrate. In his objection, Defendant claims that 5/13-212(b) cannot be extended by 5/13-217, and therefore, Plaintiffs' suit was not timely filed and should be dismissed.

ANALYSIS
The statute of repose applicable to the present case is contained in 735 ILCS 5/13-212(b)[1] and it provides, in pertinent part:
(b) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time of the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday.
The tolling provision applicable to this case is set forth in 735 ILCS 5/13-217, and it provides, in pertinent part:
In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff *193 ... then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff ... may commence a new action within one year or within the remaining period of limitation, whichever is greater ... after the action is voluntarily dismissed by the plaintiff....
The question of whether the savings statute contained in 5/13-217 applies to the statute of repose contained in 5/13-212(b) appears to be one of first impression in Illinois.[2] However, an Illinois appellate court in Limer v. Lyman, 241 Ill.App.3d 125, 181 Ill.Dec. 667, 608 N.E.2d 918 (1993) did hold that the repose provisions of § 212(a)[3] were subject to the tolling provisions of § 217.[4] The Limer court appears to have based its holding upon its finding that statutes of repose and statutes of limitation do not differ and, therefore, do not warrant different treatment. The Limer court went on to find that § 212(a) was compatible with § 217, and absent any legislative language to the contrary, the four-year period of repose in § 212(a) was subject to the one year tolling provision of § 217. The Illinois Supreme Court has not spoken on this issue, and this Court must exercise its best judgment to determine what the Supreme Court of Illinois would hold were the question addressed to it.
The Court first finds that the reasoning employed in Limer is not valid and would not be adopted by the Supreme Court of Illinois. The cornerstone upon which the Limer court bases its opinion is the proposition that statutes of limitation and statutes of repose do not differ in any material respect. This Court cannot agree with this proposition. More importantly, this Court finds that the Supreme Court of Illinois would not agree with such a statement of law.
In Mega v. Holy Cross Hosp., the Supreme Court of Illinois stated:
The period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's knowledge of his cause of action. (See Gates Rubber Co. v. USM Corp. (7th Cir.1975), 508 F.2d 603, 611-12 (discussing the separate purposes advanced by "bifurcated" statutes of limitations).
111 Ill.2d 416, 95 Ill.Dec. 812, 815-16, 490 N.E.2d 665, 668-70 (1996). The Mega court went on to state that "[t]he repose periods reflect the legislature's balancing of an individual's interest in recovery against the problems and costs perceived in medical malpractice actions and public's interest in having available to it affordable health care." Id. at 818, 490 N.E.2d at 671 (citations omitted). See also Cunningham v. Huffman, 154 Ill.2d 398, 182 Ill.Dec. 18, 22, 609 N.E.2d 321, 325 (1993). As stated in St Louis v. Rockwell Graphic Systems, Inc.:
Strictly speaking, a statute of repose differs from a statute of limitations. A statute of limitations governs the time within which lawsuits may be commenced after a cause of action has accrued. (Thornton v. Mono Manufacturing Co. (1981), 99 Ill.App.3d 722, 726, 54 Ill.Dec. 657, 660, 425 N.E.2d 522, 525; e.g., Ill.Rev. Stat.1989, ch. 110, par. 13-214(a)). However, a statute of repose extinguishes the action itself before it arises. In other words, the statute prevents what might otherwise be a cause of action from ever arising.
220 Ill.App.3d 704, 163 Ill.Dec. 142, 144, 581 N.E.2d 93, 95 (1991). The court in Thornton v. Mono Manufacturing Co. described the effect of a statute of repose by quoting the Supreme Court of New Jersey:
"This formulation suggests a misconception of the effect of the statute [of repose]. It does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years *194 after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has no cause of action. The harm that has been done is damnum absque injuria  a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed. [Citations.]"
99 Ill.App.3d 722, 54 Ill.Dec. 657, 660, 425 N.E.2d 522, 525 (1981) quoting Rosenberg v. Town of North Bergen, 61 N.J. 190, 199, 293 A.2d 662 (1972).
A panel of Seventh Circuit stated in Boggs v. Adams:
The district court placed great emphasis on the difference between a statute of limitation and a statute of repose. Our colleague was indeed correct in noting that there are significant differences between the two. In Illinois, a statute of limitations is a procedural device. The running of a statute of limitations simply bars suit.... A statute of repose by contrast is substantive.... It "extinguishes any right to bring any type of cause of action against a `party,' regardless of whether such action has accrued." ... Thus, a statute of repose terminates the possibility of litigation even if the potential plaintiff does not yet know of his injury.
45 F.3d 1056, 1060 (7th Cir.1995) (citations omitted). See also Cornett v. Gromann Service Co.-Retail, 227 Ill.App.3d 148, 169 Ill. Dec. 94, 96, 590 N.E.2d 1013, 1015 (1992); Highland v. Bracken, 202 Ill.App.3d 625, 148 Ill.Dec. 104, 109, 560 N.E.2d 406, 411 (1990).
As the above cited cases illustrate, although statutes of repose may be of the same genre as statutes of limitation (limitations based upon the passage of time), they are materially different. The Limer court based its decision to apply § 217 to § 212(a) largely upon its finding that statutes of limitation and statutes of repose are one and the same concept. The Court, therefore, finds that the reasoning employed by the Limer is faulty and would not be followed by the Supreme Court of Illinois. Accordingly, the Court shall disregard the Limer decision when considering the question of the applicability of 5/13-217 to 5/13-212(b). See Gates Rubber Co. v. USM Corp., 508 F.2d 603, 607 (7th Cir.1975).
State courts in other jurisdictions are divided on whether savings provisions should apply to statutes of repose. The reasoning of the cases refusing to apply a savings statute similar to 5/13-217 to statutes of repose is based upon a critical distinction between a statute of limitations and a statute of repose. In Bruce v. Hamilton, a court of appeals in Tennessee stated:
Although the terms "statute of limitation" and "statute of repose" are sometimes loosely employed as interchangeable, they are, in fact, different in both concept and function. A statute of limitation governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within which an action may be brought and is unrelated to the accrual of any cause of action. Klein v. Catalano, 386 Mass. 701, 437 N.E.2d 514, 516 (1982).
Statutes of repose are substantive rather than procedural. The running of a statute of limitations nullifies a party's remedy, and, as such, it is a procedural mechanism and may be waived. The running of repose, on the other hand, nullifies both the remedy and the right. Automobile Sales Co. v. Johnson, 174 Tenn. 38, 122 S.W.2d 453, 456-58 (1938); Via v. General Electric Co., 799 F.Supp. 837, 839 (W.D.Tenn.1992).
A statute of repose is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period. Cheswold Volunteer Fire Co. v. Lambertson Constr. Co., 489 A.2d 413, 421 (Del.1984). Because a statute of repose is substantive it relates to the jurisdiction of the court and "any failure to commence the action within the applicable time period extinguishes the right itself and divests the ... court of any subject matter jurisdiction which it might otherwise have."
*195 894 S.W.2d 274, 275 (1993). The Bruce court went on to observe that the Tennessee savings statute provided for a de novo action, and concluded that a plaintiff cannot bring a new suit on a nonexistent cause of action. Id. at 278.
The Supreme Court of Georgia in Wright v. Robinson, 262 Ga. 844, 426 S.E.2d 870 (1993) also held that a savings statute cannot be used to revive a cause of action extinguished by the running of a statute of repose. The Wright court noted that upon the running of a statute of repose, a cause no longer exists, and that an action renewed under the Georgia savings statute is an action de novo. Id., 426 S.E.2d at 872. The Wright court then reasoned that "it logically follows that a new suit on a nonexisting cause of action cannot proceed." Id.
The cases holding that savings statutes should apply to statutes of repose appear to focus upon the language of the statutes in question. In Vesolowski v. Repay, 520 N.E.2d 433 (Ind.1988), the Supreme Court of Indiana held that Indiana's savings statute did apply to that State's medical malpractice statute of repose. The Vesolowski court found that the savings statute did not specifically exclude medical malpractice cases, and therefore, the savings statute should provide relief from the running of a statute of limitations in a medical malpractice case. Id. at 434-35. In Wade v. Reynolds, 34 Ohio App.3d 61, 517 N.E.2d 227 (1986), a court of appeals in Ohio also found that a savings statute should be applied to a statute of repose. The Wade court found that the failure to mention the savings statute in the statute of repose indicated that the legislature intended for the savings statute to be applied to statutes of repose.
Those courts which have applied savings statutes to statutes of repose appear to have done so either because the statutory language allowed such an application, or simply because they have confused the meaning and effect of a statute of repose vis a vis a statute of limitations. In Vesolowski, the savings statute involved stated that the new action would be "deemed a continuation of the first," and referred to the period of repose as a statute of limitations. 520 N.E.2d at 434-35. In Wade, the court makes no differentiation between statutes of repose and statutes of limitation. Accordingly, the Court finds that these cases are of limited, if any, persuasive value.
The Court finds that the opinions of those courts which have found that savings statute cannot be applied to resurrect causes of actions extinguished by statutes of repose are better reasoned and finds that 5/13-217 should not be applied to 5/13-212(b). The Illinois savings statute, 5/13-217, states that a plaintiff "may commence a new action within one year...." (Emphasis added). As stated by the Bruce and Wright courts, it defies logic to allow the filing of a new suit on a cause of action which no longer exists. In addition, nothing in the language of 5/13-212(b) indicates that 5/12-217 should be treated as an exception to the operation of the statute of repose. This is especially significant since the savings statute contained in 5/13-217 pre-dates the enactment of 5/13-212(b). If the legislature had wished 5/13-217 to be applicable to 5/13-212(b), it need only have so stated in 5/13-212(b), or provided in 5/13-217 that a refiled action was not "new," but no more than a continuation of the initial action. It did not do so, and the Court shall not read such language into the statutes.
The Court also finds that the purpose of a statute of repose such as 5/13-212(b) is best served by declining to apply 5/13-217 to it. As stated by the Mega court, "the repose periods reflect the legislature's balancing of an individual's interest in recovery against the problems and costs perceived in medical malpractice actions and the public's interest in having available to it affordable health care." 95 Ill.Dec. at 818, 490 N.E.2d at 671. An unwavering period of repose which cannot be extended by savings statutes furthers the goal of certainty in the business of providing health care. Although the loss of one's cause of action as a result of a voluntary dismissal may be deemed harsh, it is certainly no more harsh than terminating a cause of action before a potential plaintiff is even aware of his injury. Such simply reflects the state legislature's balancing of societal and individual interests. In addition, *196 5/13-217 is designed to "protect plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits." Edwards v. Safer Foundation, Inc., 171 Ill.App.3d 793, 796, 121 Ill.Dec. 680, 525 N.E.2d 987 (1988). As previously discussed in this opinion, a statute of repose is substantive in nature. Finally, the Court notes that with the exception of Limer, all cases in Illinois applying 5/13-217 and its predecessor have done so only when statutes of limitation were involved.
The Court, therefore, disagrees with the Report and Recommendation of the Magistrate Judge and finds that it must be rejected. The present case was filed outside the eight year period of repose set forth in 5/13-212(b). The Court holds that 5/13-217 cannot be applied to allow such a refiling after the expiration of the period of repose. This case must, therefore, be dismissed. Accordingly, the Court finds that Defendant's Motions to Dismiss [Docs. # 4, # 8, and # 16] should be granted. The Court's finding as to the Defendant's motions to dismiss render the remaining motions moot.
IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Doc. # 20] is REJECTED. Defendant's Motions to Dismiss [Docs. # 4, # 8, and # 16] are GRANTED. This case is dismissed with prejudice.
IT IS FURTHER ORDERED that Defendant's Motion to Strike and Dismiss for Failure to Comply with 735 ILCS 5/2-622 [Doc. # 29] is DENIED as moot.
IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike [Doc. # 33] is DENIED as moot.
This case is TERMINATED. Parties to bear their own costs.
NOTES
[1] Because Patricia and Thomas Hinkle's cause of action is derived from Tomra Hinkle's, the claim in Count Two is subject to the same period of repose as is the claim made in Count One. 735 ILCS 5/13-203; Dewey v. Zack, 272 Ill.App.3d 742, 209 Ill.Dec. 465, 470, 651 N.E.2d 643, 648 (1995).
[2] Although this question would be a good candidate for certification to the Supreme Court of Illinois, it is not within the power of this Court to do so. See U.S.Ct. of App. for the Seventh Cir., Cir.Rule 52; Illinois Sup.Crt. Rule 20.
[3] Subsequently recodified as 5/13-212(a).
[4] Subsequently recodified as 5/13-217.