Tomra HINKLE, a minor, by Patricia HINKLE, her mother and next friend, Patricia Hinkle, individually, and Thomas Hinkle, individually, Plaintiffs–Appellants,

v.

William HENDERSON, M.D., Defendant–Appellee.

No. 95–3149.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 1996.

Decided May 31, 1996.

Lance Wittry, Cheryl A. Planck, Indianapolis, IN, for Plaintiffs–Appellants.

Richard E. Stites (argued), Livingston, Barger, Brandt & Schroeder, Bloomington, IL, for Defendant–Appellee.

Before CUMMINGS, MANION and EVANS, Circuit Judges.

CUMMINGS, Circuit Judge.

This diversity medical malpractice case raises an interesting question of Illinois law. Illinois has adopted a special statute of limitations for medical malpractice actions that contains a standard limitation period in which an action must be brought after a plaintiff discovers his injury. The statute also establishes an outside time limit in which an action must be brought, unaffected by a plaintiff's knowledge of his injuries, known as a statute of repose. The question presented is wheth-er the Illinois savings statute, which gives plaintiffs one additional year to refile a case when the first case is dismissed on certain procedural grounds, applies to the medical malpractice statute of repose. Only one Illinois appellate court has addressed the issue, concluding that the savings statute did apply. The district court in this case, reasoning that statutes of repose are fundamentally different from statutes of limitations, disagreed. We now reverse.

I.

Tomra Hinkle was born prematurely on January 23, 1984. As a result, she suffers from retinopathy of prematurity and is blind. Plaintiffs allege that the medical malpractice of William Henderson, M.D., who provided Tomra's mother with obstetrical and prenatal care in 1983 and early 1984, caused Tomra's injury. On January 23, 1992, plaintiffs filed a complaint in the Circuit Court of Cook County, Illinois, within eight years of the premature birth. No service was effected or attempted on Henderson or any of the other named defendants; rather, after eight months in the circuit court, plaintiffs moved for a voluntary dismissal under 735 ILCS 5/2–1009. The court granted the motion and dismissed the case without prejudice on September 24, 1992.

On August 17, 1993, within one year of the voluntary dismissal but outside of the applicable limitations period, plaintiffs filed this case in the district court and effected service on Henderson within eight days. Plaintiffs' ability to refile the suit outside of the limitations period is based on the Illinois savings statute, 735 ILCS 5/13–217, which gives plaintiffs one year in which to bring a new suit following a voluntary dismissal. Henderson moved to dismiss the case as untimely filed on two alternative theories. First, he argued that the Illinois savings statute was inapplicable to the medical malpractice limitations statute. Second, he argued that the savings statute did not give plaintiffs an extra year to file because they failed to comply with Illinois Supreme Court Rule 103(b), which requires a plaintiff to exercise reasonable diligence in obtaining service. The district court dismissed plain-

tiffs' complaint based on defendant's first theory and therefore did not address the second. See *Hinkle ex rel. Hinkle v. Henderson,* 896 F.Supp. 190 (C.D.Ill.1995). Plaintiffs appeal the dismissal.

## II.

### A.

Illinois has a statute of repose governing medical malpractice cases such as this. The statute provides that an action must be brought within eight years of the alleged acts of negligence:

> Except as provided in Section 13–215 of this Act [fraudulent concealment], no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday.
> * * *

735 ILCS 5/13–212(b). Based on this statute alone, it is clear that plaintiffs' district court action, brought more than nine years after Tomra's premature birth, was time-barred.

However, Illinois has also adopted a savings statute, which plaintiffs argue saved their cause of action by virtue of the voluntary dismissal in the Cook County Circuit Court:

> In the actions specified in Article XIII of this Act or any other act or contract *where the time for commencing an action is limited,* if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, *or the action is voluntarily dismissed by the plaintiff,* or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court

for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, *the plaintiff ... may commence a new action within one year* or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or *after the action is voluntarily dismissed by the plaintiff,* or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

735 ILCS 5/13–217 (emphasis added). On its face, the savings statute appears to encompass plaintiffs' case: the action brought by plaintiffs is one "where the time for commencing an action is limited"—in this case, by Section 212(b); plaintiffs voluntarily dismissed a prior action; and plaintiffs commenced à new action within one year of the voluntary dismissal. Nonetheless, the district court held that Section 217 did not apply to Section 212(b). It based this holding primarily on the distinction between statutes of repose like Section 212(b), to which it said Section 217 does not apply, and statutes of limitations, to which it said Section 217 does apply.

The Illinois Supreme Court has not addressed the question whether the savings provision in Section 217 applies to medical malpractice actions under Section 212(b), and it is therefore our task to determine how the Illinois Supreme Court would decide the issue. We begin by noting that the weight of authority is against the district court. Three state supreme courts and two state courts of appeals, including one in Illinois, have held that a savings statute does apply to save a cause of action otherwise barred by a medical malpractice statute of repose. *See v. Hartley,* 257 Kan. 813, 896 P.2d 1049 (1995); *Cronin v. Howe,* 906 S.W.2d 910 (Tenn.1995); *Vesolowski v. Repay,* 520 N.E.2d 433 (Ind. 1988); *Limer v. Lyman,* 241 Ill.App.3d 125, 181 Ill.Dec. 667, 608 N.E.2d 918 (1993); *Wade v. Reynolds,* 34 Ohio App.3d 61, 517

N.E.2d 227 (1986). Only one state supreme court has held that a savings statute does not apply to a medical malpractice statute of repose. *Wright v. Robinson,* 262 Ga. 844, 426 S.E.2d 870 (1993). The only other state court case relied upon by the district court, *Bruce v. Hamilton,* 894 S.W.2d 274 (Tenn.Ct. App.1993), was later contradicted by the Tennessee Supreme Court in *Cronin, supra,* on precisely the same issue.

Nonetheless, the district court found that the Illinois Supreme Court would reject the reasoning of *Limer,* an Illinois appellate court case, and adopt the reasoning of *Wright,* the only state supreme court (Georgia) to reject the applicability of a savings statute to a statute of repose. The disagreement among the courts stems from the oft-iterated distinction between statutes of limitations and statutes of repose. Here is one formulation:

> A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. The injury need not have occurred, much less have been discovered.

*Klein v. Catalano,* 386 Mass. 701, 437 N.E.2d 514, 516 (1982) (citations omitted). Here is another:

> "Statutes of limitations" extinguish, after period of time, right to prosecute accrued cause of action; "statute of repose," by contrast, limits potential liability by limiting time during which cause of action can arise. It is distinguishable from statute of limitations, in that statute of repose cuts off right of action after specified time measured from delivery of product or completion of work, regardless of time of accrual of cause of action or of notice of invasion of legal rights.

*Black's Law Dictionary* 1411 (6th ed.1990) (citations omitted). This Court has stated that statutes of limitations are procedural, barring only the remedy, while statutes of repose are substantive, extinguishing the *right* to bring a cause of action. *Boggs v. Adams,* 45 F.3d 1056, 1060 (7th Cir.1995).

Illinois' medical malpractice limitations statute, 735 ILCS 5/13–212, provides an excellent example of how statutes of limitations and statutes of repose operate. The adoption and rationale of Section 212 was outlined by the Illinois Supreme Court in *Anderson v. Wagner,* 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1979); see also *Hayes v. Mercy Hosp. & Medical Ctr.,* 136 Ill.2d 450, 457–458, 145 Ill.Dec. 894, 897–898, 557 N.E.2d 873, 876–877 (1990). In the early 1970s, states perceived a medical malpractice insurance crisis stemming from insurance companies' reluctance to write medical malpractice policies and the high premiums of policies issued. *Anderson,* 79 Ill.2d at 301, 37 Ill.Dec. at 560, 402 N.E.2d at 562. The crisis derived in part from increased use of the "discovery rule" in the late 1960s. The discovery rule provides that a cause of action does not accrue, and thus a statute of limitations does not begin running, until a plaintiff knows or should know of his injury. Under the discovery rule, a plaintiff might not discover an injury for many years. The potential for such "long tail" liability reduces an insurance company's ability to predict future liabilities. Therefore, as part of the solution to the crisis, Illinois and many other states placed an outside limit on the discovery rule in medical malpractice cases. 79 Ill.2d at 307–308, 37 Ill.Dec. at 563–564, 402 N.E.2d at 565–566. The outer limit is created by a statute of repose.

Section 212(a), though not at issue here, is illustrative. It states that a malpractice action must be brought within two years "after the date on which the claimant knew, or through the use of reasonable diligence should have known" of his injury. That is a statute of limitations, because its running is contingent on accrual—plaintiff must have "discovered" his injury. The statute codifies what was once the judicially-imposed discovery rule. Section 212(a) continues: "[B]ut in no event shall such action be brought more than 4 years after the date on which" the alleged negligence occurred. That is a statute of repose, because it begins to run regardless of "discovery" and sets an outer limit within which a cause of action must be brought. Section 212(b), at issue here, pro-

vides a special eight-year statute of repose for persons under the age of 18 at the time of accrual.

■ The statutes of repose found in Section 212—and probably all statutes of repose, see *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990), certiorari denied, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079—are surgical strikes by the legislature against the discovery rule. *Cunningham v. Huffman*, 154 Ill.2d 398, 406, 182 Ill.Dec. 18, 22, 609 N.E.2d 321, 325 (1993); *Mega v. Holy Cross Hosp.*, 111 Ill.2d 416, 422, 95 Ill.Dec. 812, 815, 490 N.E.2d 665, 668 (1986); *Limer*, 241 Ill.App.3d at 128, 181 Ill.Dec. at 669, 608 N.E.2d at 920. As *Anderson* amply demonstrates, the medical malpractice statute of repose was specifically adopted to ameliorate the effects of the discovery rule. As such, the statute of repose in Section 212(b) embodies two essential and related purposes: to prevent indefinite potential liability for a particular act or omission (to abolish "long tail" liability), and second, to afford defendants (and insurance companies) greater certainty in predicting potential liability.

■ We turn now to the Illinois savings statute, 735 ILCS 5/13–217, which embodies a different and sometimes conflicting purpose. Section 217 affords plaintiffs a second chance to have their case heard on the merits when their first suit is dismissed for some procedural defect. The purpose of the statute is "to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." *DeClerck v. Simpson*, 143 Ill.2d 489, 492, 160 Ill.Dec. 442, 444, 577 N.E.2d 767, 769 (1991) (quoting *Roth v. Northern Assurance Co.*, 32 Ill.2d 40, 48, 203 N.E.2d 415, 419 (1964)). The savings statute will not always frustrate the purposes of a statute of limitations or a statute of repose. The one-year refiling period under the savings statute might end well before expiration of the limitation period, and when it does, only one refiling is allowed. *Flesner v. Youngs Dev. Co.*, 145 Ill.2d 252, 254, 164 Ill.Dec. 157, 158, 582 N.E.2d 720, 721 (1991). But in some cases, the savings statute is employed after expiration of the limitation period and it

therefore acts to extend the period by one year—and no more than one year because, just as in *Flesner* where the limitation period had not run, only one refiling is permitted when the limitation period has run. *Gendek v. Jehangir*, 119 Ill.2d 338, 343, 116 Ill.Dec. 230, 232, 518 N.E.2d 1051, 1053 (1988). It is this application of the savings provision—one in which the statutory limitation period is extended—that brings the two legislative policies into conflict: the desire to achieve adjudication on the merits and the desire to bar suits after too much time has passed.

No one disputes that the savings provision applies when statutes of limitations are involved. The savings statute expressly applies to cases "where the time for commencing an action is limited," which on its face includes both statutes of limitations and statutes of repose. In excluding Section 212(b) from the reach of Section 217, the district court first emphasized the inherently different nature of statutes of repose. It and other courts have said that statutes of repose are substantive rather than procedural, that they cut off the remedy as well as the right, that they are an absolute bar to plaintiff whereas a statute of limitations is contingent, and that they divest the court of jurisdiction; thus statutes of repose, unlike statutes of limitations, may not be waived. *Hinkle*, 896 F.Supp. at 194–195; *Wright*, 426 S.E.2d at 871–872. The courts conclude that a savings statute, being merely a procedural device, cannot revive a cause of action that is extinguished by a statute of repose. The problem with this conclusion is that, while it may be true that a defendant cannot waive a statute of repose, the Illinois legislature can. The fact that the two types of limitations are conceptually and procedurally distinct in a number of respects says nothing about whether Section 217, which applies when "the time for commencing an action is limited," includes statutes of repose. Thus emphasizing the inherent differences of statutes of repose begs the question presented in this case. Accord *Cronin*, 906 S.W.2d at 914 (the fact that statute of repose is substantive is not "decisive"); *See*, 896 P.2d at 1055 (procedural/substantive distinction is merely "semantics").

The district court next turned to the purposes of the medical malpractice statute of repose—a more persuasive basis for distinguishing statutes of limitations since it sheds light on legislative intent. The court concluded that an "unwavering period of repose which cannot be extended by savings statutes furthers the goal of certainty in the business of providing health care." 896 F.Supp. at 195. Given that the savings statute unquestionably applies to statutes of limitations, the question is whether the purposes of the statute of repose are sufficiently different to justify excluding it from Section 217. As we have said, Illinois adopted the statute of repose to ameliorate the effects of the discovery rule. Thus the statute of repose serves only two purposes above and beyond those served by any limitations statute: to eliminate indefinite potential liability and to give defendants greater certainty and predictability. See *See*, 896 P.2d at 1054. Taking these one at a time, it is clear that no reason exists for treating the statute of repose differently. As to the first, the one-year savings statute does not impair the goal of eliminating indefinite potential liability. In the worst case scenario, Section 217 will extend the period of repose by one year. The Illinois Supreme Court has been quite strict in concluding that Section 217 may not be used to permit successive refilings. *Gendek, supra; Flesner, supra.* The savings statute as construed by the Illinois Supreme Court simply does not create the type of indefinite potential liability that Section 212(b) was designed to abolish.

The second goal of the repose statute—to afford defendants greater certainty and predictability—is really the heart of this case. While "saving" a cause of action for one year does not effect the indefiniteness of potential liability, it does change the certainty and predictability afforded defendants; however, this is true *only where the defendant is unaware that the first action was filed.* Where the defendant knows that plaintiff has brought an action, usually from receiving service, he must be presumed to understand that a procedural defect in the action may cause a delay of up to one year pursuant to the savings statute. See *Gonzalez v. Thorek Hosp. & Medical Ctr.*, 143 Ill.2d 28, 36–37, 155 Ill.Dec. 796, 800, 570 N.E.2d 309, 313

(1991). In such a case, his level of certainty and predictability is no less than in any other litigated matter, and the purpose of the statute of repose is still realized. Section 217 lists several procedural defects in addition to voluntary dismissal that trigger the statute; in most of the situations, the defendant is likely aware that the action exists: dismissals for jurisdiction and venue; reversal of judgment on appeal; and verdict in favor of plaintiff followed by a motion in arrest of judgment entered against plaintiff. In these cases, the defendant is likely aware that the action exists (and may be presumed familiar with the savings statute); thus, based on the purposes of the statute of repose, this Court can discern no reason why the Illinois Supreme Court would exclude the medical malpractice statute of repose from operation of Section 217 in any of these situations where the defendant knows the action exists. See *Roth*, 32 Ill.2d at 49–50, 203 N.E.2d at 420. As a matter of statutory interpretation then, the Illinois Supreme Court would also have to conclude that voluntary dismissals—also listed in Section 217—must be treated alike.

The difficulty in this case is that the district court was presented with the most egregious situation possible for application of Section 217: plaintiff waited until the very last day of the eight-year repose period to file suit, then took no action in the circuit court for eight months, failing even to attempt service on defendant, received a voluntary dismissal, and finally waited just short of one year to refile the case in district court, at long last serving defendant more than nine years after the alleged acts of negligence. Unaware that plaintiff filed suit in circuit court, defendant's ability to predict liability was undoubtedly compromised. Thus the district court's decision refusing to extend the repose period via Section 217 made sense as to this plaintiff. But as a matter of statutory interpretation, it does not make sense. As we concluded above, the Illinois Supreme Court would not categorically exclude the statute of repose from all of the procedural defects listed in Section 217. Further, the Illinois legislature expressly included voluntary dismissals (and for that matter, dismissals for want of prosecution!) in that list and

made no mention of exceptions for defendants who are not served. To affirm the district court, we would have to read an exception into the statute. Given the Illinois Supreme Court's recognition that Section 217 is "very specific and clear" and that it must be given its plain and ordinary meaning, *DeClerck*, 143 Ill.2d at 492–496, 160 Ill.Dec. at 443–445, 577 N.E.2d at 768–770, this Court will not do so.

■■■■ There is an additional reason not to read exceptions into the savings statute. The only exception that would facilitate the purposes of the statute of repose is one that excludes plaintiffs who fail to effect service on defendants. Such plaintiffs are the least sympathetic and the least deserving of additional time to file suit. Illinois law already takes this into account. Illinois Supreme Court Rule 103(b) mandates that plaintiffs exercise reasonable diligence to obtain service on defendants. As discussed below, the district court on remand will have to consider the Rule 103(b) issue in this case. We only pause here to note the congruity in Illinois law: the differing goals of Section 212(b) and Section 217, though infrequently coming into conflict, are reconciled when they do conflict by Rule 103(b), which guarantees that the savings statute cannot be used to extend the period of repose when the purposes of the repose period are most threatened. We are mindful in this regard of the Illinois Supreme Court's statement that "courts should not insert words into legislative enactments when the statute otherwise presents a cogent and justifiable legislative scheme." *Hayes*, 136 Ill.2d at 456, 145 Ill.Dec. at 896, 557 N.E.2d at 875 (citing *Hagen v. City of Rock Island*, 18 Ill.2d 174, 179, 163 N.E.2d 495, 498 (1959)).

Two other findings of the district court similarly fail to overcome the plain language of Section 217. The court noted that the savings statute allows a plaintiff to "commence a *new* action within one year," but that the statute of repose, being substantive, extinguishes a cause of action when it runs; it thus defies logic to allow the filing of a "new" suit on a nonexistent cause of action. This argument was also used by the Tennessee appeals court in *Bruce*, 894 S.W.2d at

278. The argument provides no rational basis for distinguishing statutes of limitations and statutes of repose. When either runs, the plaintiff is unable to file a new suit absent the savings statute, regardless of whether we say plaintiff is without a right or without a remedy. The district court's reliance on the term "new" reads too much into the statute and ignores the fact that the Illinois legislature has the power to waive or extend both types of limitation statutes. Accord *See*, 896 P.2d at 1051 (the Kansas savings statute also says the plaintiff may bring a "new" cause of action, but the court nonetheless found it applicable to the statute of repose).

Finally, the district court found it significant that Section 212(b) was enacted after Section 217: "If the legislature had wished [Section 217] to be applicable to [Section 212(b)], it need only have so stated in [Section 212(b)]...." 896 F.Supp. at 195. This argument was also used by the Georgia Supreme Court in *Wright*, 426 S.E.2d at 872. The argument, however, reveals little about legislative intent because it could just as easily cut the other way. The Illinois legislature, aware of the savings statute when drafting the statute of repose, could have expressly excepted the savings statute in Section 212(b). In *Wade, supra,* the Ohio appeals court found it significant that the legislature failed to expressly except the savings statute in the text of the statute of repose where it had excepted another provision in the statute of repose. 517 N.E.2d at 228. Section 212(b) is similar: it expressly excepts Section 13–215 fraudulent concealment from operation of the statute of repose. The legislature apparently knew how to write exceptions into Section 212(b), but failed to except the savings statute. Because the district court's argument could cut either way regarding legislative intent, it is not persuasive.

**B.**

The conclusion that the Illinois Supreme Court would hold that the savings statute applies to statutes of repose does not end our inquiry. Relying exclusively on the nature of statutes of repose, the district court did not

address defendant's second alternative argument in his motion to dismiss—that plaintiffs' failure to comply with Illinois Supreme Court Rule 103(b) mandated a dismissal even if the savings statute were found applicable to the medical malpractice statute of repose. Rule 103(b) provides as follows:

> **(b) Dismissal for Lack of Diligence.** If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion.

Rule 103(b) is similar to the principle adopted by courts in other states that a savings statute only helps a "diligent" plaintiff. See, *e.g.*, *Cronin*, 906 S.W.2d at 912.

In the circuit court action, plaintiff did not attempt to serve any of the defendants for the eight months that the case was pending. Because defendants were never served, no Rule 103(b) motion was filed and apparently the court did not raise plaintiffs' diligence on its own motion, instead granting the voluntary dismissal. The question here is whether, under Illinois law, the district court should rule on Henderson's Rule 103(b) motion where (1) the Illinois statutes apparently give a plaintiff both the absolute right to seek a voluntary dismissal, 735 ILCS 5/2–1009, and an absolute right to refile within one year, 735 ILCS 5/13–217, (2) no Rule 103(b) motion was made in the first action, and (3) the lack of diligence occurred in the first action but not in the second.

■ The Illinois Supreme Court has previously addressed the interplay of Rule 103(b) with a plaintiff's right to voluntarily dismiss an action under Section 1009 and the savings provision of Section 217. In *O'Connell v. St. Francis Hosp.*, 112 Ill.2d 273, 97 Ill.Dec. 449, 492 N.E.2d 1322 (1986), plaintiff filed a medical malpractice action on the last day of the applicable statute of limitations, but failed to serve defendants for eight months. When defendants moved for dismissal under Rule 103(b), plaintiff moved for and received a voluntary dismissal without prejudice. Plaintiff then refiled the case pursuant to the savings statute and immediately served defendants. The defendants once again filed a Rule 103(b) motion to dismiss, which was denied. On appeal, defendants argued that the Rule 103(b) motion should have been considered prior to the motion for voluntary dismissal and that plaintiff's lack of diligence in the first action should be considered on a Rule 103(b) motion in the second action.

The Illinois Supreme Court's decision in *O'Connell* laid the groundwork for reconciling Rule 103(b) with a plaintiff's right to voluntarily dismiss a case and later refile. The Court noted the obvious conflict between Rule 103(b), a procedural rule of the Court, and Sections 1009 and 217, procedural statutory provisions of the legislature. It stated that when such a conflict occurs, the rule will prevail. 112 Ill.2d at 281, 97 Ill.Dec. at 453, 492 N.E.2d at 1326.

> Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.
>
> Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit.... Where a plaintiff (1) fails to exercise due diligence, particularly where his failure continues long after the expiration of the statute of limitations; (2) takes a voluntary dismissal pursuant to section 2–1009 when his diligence is challenged by a Rule 103(b) motion; and (3) refiles his action under section 13–217, even though promptly effecting service on his refiled complaint, justice is truly and unnecessarily delayed.

112 Ill.2d at 282, 97 Ill.Dec. at 453, 492 N.E.2d at 1326. The Court thus held that (1) a Rule 103(b) motion must be heard prior to a Section 1009 motion for voluntary dismissal and (2) the second court may consider the plaintiff's diligence in the original as well as the refiled case when considering a Rule 103(b) motion. 112 Ill.2d at 283, 97 Ill.Dec. at 453, 492 N.E.2d at 1326.

*O'Connell*'s holding was reaffirmed and extended by the Court in *Muskat v. Sternberg,* 122 Ill.2d 41, 118 Ill.Dec. 455, 521 N.E.2d 932 (1988). There plaintiff filed a medical malpractice suit on the last day of the limitations period, but failed to serve defendants for two years, at which time the case was dismissed for want of prosecution. When plaintiff refiled pursuant to the savings statute, defendants moved to dismiss under Rule 103(b). The Court reaffirmed the holding of *O'Connell* that lack of diligence in the first action should be considered under a Rule 103(b) motion in the second action, even where the plaintiff diligently served defendant in the second action. 122 Ill.2d at 45, 118 Ill.Dec. at 457, 521 N.E.2d at 934. The Court also extended *O'Connell* to cases where no Rule 103(b) motion was made in the first action. 122 Ill.2d at 47–48, 118 Ill.Dec. at 457–458, 521 N.E.2d at 934–935 (citing *Catlett v. Novak,* 116 Ill.2d 63, 106 Ill.Dec. 786, 506 N.E.2d 586 (1987)). The rationale for such a rule is simple enough: plaintiffs should not be able to insulate themselves from the diligence requirement of Rule 103(b) by manipulating the savings statute. 122 Ill.2d at 49, 118 Ill.Dec. at 458, 521 N.E.2d at 935.

Thus it is clear to this Court that, after finding the savings statute applicable to the medical malpractice statute of repose, the Illinois Supreme Court would address whether plaintiffs' case should nonetheless be dismissed under Rule 103(b) pursuant to *O'Connell* and *Catlett* and the principles developed thereunder. It is irrelevant that Rule 103(b) was not considered in the circuit court action and that plaintiffs diligently served defendant in the refiled district court action. Because the district court disposed of the case on defendant's first alternative argument and did not address Rule 103(b), a remand is in order. On remand, the district court must decide whether plaintiffs failed to exercise reasonable diligence to obtain service in the first action under Rule 103(b) and the Illinois cases that have established the appropriate standard for "reasonable diligence."

### III.

For the foregoing reasons, the decision of the district court is REVERSED and the case REMANDED for proceedings consistent with this opinion.