VIRGINIA LIMER, as Independent Ex'r of the Estate of James Limer, Deceased, Plaintiff-Appellant, v. MARY JANE LYMAN, as Independent Ex'r of the Estate of Homer C. Lyman, Deceased, Defendant-Appellee.

Fourth District No. 4—91—0264

Opinion filed October 30, 1991.

James Walker, Ltd., of Bloomington, for appellant.

Christopher L. Nyweide, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Section 13—209(a) of the Code of Civil Procedure (Code) provides:

> "If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his or her representative before the expiration of that time, or within one year from his or her death whichever date is the later." Ill. Rev. Stat. 1989, ch. 110, par. 13—209(a).

Under the circumstances alleged here, section 13—212(a) of the Code limits the time within which an action for medical negligence may be brought to:

"[N]o *** more than 2 years after the date on which the claimant knew, or *** should have known *** of the injury or death for which damages are sought in the action *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a).

██ Section 13—217 of the Code provides that, following the voluntary dismissal of a cause of action by the plaintiff, then, "the plaintiff, his or her heirs, executors or administrators may commence a new action within one year." Ill. Rev. Stat. 1989, ch. 110, par. 13—217.

The appeal concerns the combined effect of those statutory provisions on a suit against the estate of a medical provider filed by the personal representative of a person allegedly injured by a misdiagnosis by the medical provider. The suit contained two counts. One was brought pursuant to sections 1 and 2 of the Wrongful Death Act (Act) (Ill. Rev. Stat. 1987, ch. 70, pars. 1, 2). The other was for injuries sustained during the lifetime of the decedent and was brought pursuant to section 27—6 of the Probate Act of 1975 (Probate Act) (Ill. Rev. Stat. 1987, ch. 110½, par. 27—6), which permits the survival of such actions. A timely suit for those injuries had been brought by the plaintiff's decedent during his lifetime and then voluntarily dismissed. More than the four-year period of repose of section 13—212(a) of the Code had elapsed before the complaint was filed by the personal representative. We hold that repose provisions barred the wrongful death count but, where that repose provision was not pleaded as a defense, the combined effects of sections 13—217 and 13—209(a) of the Code preserved the survival action for the decedent's injuries suffered during his lifetime.

On May 17, 1988, Virginia Limer, executor of the estate of James Limer, deceased, filed a complaint in the circuit court of McLean County against the estate of Homer C. Lyman alleging that Lyman, a physician, had negligently failed to timely diagnose plaintiff's decedent's condition of lung cancer, which eventually resulted in his death on May 18, 1987. The misdiagnosis was alleged to have occurred on various dates up to September 13, 1983, and to have become known to plaintiff and the decedent on September 13, 1983. Count I of the complaint was based upon the Act. Count II sought recovery for the injury suffered by the decedent during his lifetime and was brought pursuant to the provisions of section 27—6 of the Probate Act.

On October 7, 1988, the defendant filed a motion to dismiss, alleging that previously (1) plaintiff's decedent had filed a timely suit against defendant's decedent for the same injuries alleged in the instant complaint; (2) on March 5, 1987, that complaint had been voluntarily dismissed upon the motion of plaintiff's decedent; and (3) a period of time in excess of the one-year extension period of section 13—217 of the Code had elapsed since the voluntary dismissal and before the filing of the complaint. In opposition to that motion, plaintiff filed a document (1) pointing out that at the time of her decedent's death on May 18, 1987, the one-year period of section 13—217 of the Code had not expired; and (2) contending that the provisions of section 13—209(a) of the Code, giving a personal representative a one-year period to file surviving actions, operated to extend the time for filing the instant action until May 18, 1988, which was the first anniversary of her decedent's death. She noted that the filing on May 17, 1988, met that deadline.

Notably, the motion to dismiss, although purporting to request dismissal of the entire complaint, did not make reference to and would not have been applicable to the first count, which was brought for wrongful death. Also, the motion to dismiss made no reference to the four-year repose provisions of section 13—212 of the Code. Nevertheless, the circuit court dismissed the complaint in its entirety. Subsequently, on July 5, 1989, on plaintiff's motion, the court vacated the portion of its order dismissing count I, the wrongful death count. However, the portion of the order dismissing count II remained in force, and we consider its propriety on appeal in the posture in which it was entered.

Prior to the wrongful death count going to trial, defendant filed a motion "for Judgment on the Pleadings, Involuntary Dismissal, and Summary Judgment" as to the wrongful death count. The motion was based upon the operation of the four-year repose provisions of section 13—212(a) of the Code. The motion pointed out that the four-year period from September 13, 1983, expired on September 13, 1987, which was after the death of plaintiff's decedent on May 18, 1987, but before the filing of the complaint containing the wrongful death count on May 17, 1988. The motion also placed some reliance upon the fact that the one-year period of section 13—217 of the Code for refiling plaintiff's decedent's complaint had expired before plaintiff filed a complaint containing a wrongful death count. The circuit court entered an order on March 21, 1991, rendering judgment on the wrongful death count in favor of defendant and against plaintiff.

Plaintiff has appealed both judgments of involuntary dismissal. We affirm the dismissal of count I (wrongful death) but reverse the dismissal of count II (survival action).

 We consider first the question of the propriety of the dismissal of count II, the survival count, which was brought to recover for the injuries suffered by the decedent during his lifetime. As we have stated, a complaint setting forth that cause of action was originally timely filed by the decedent and voluntarily dismissed on decedent's motion on March 5, 1987, pursuant to section 13—217 of the Code. The one-year extension period of that section had not expired when decedent died on May 18, 1987, and the one-year extension period of section 13—209(a) of the Code concerning survival actions had not expired when the instant complaint was filed by plaintiff on May 17, 1988. The defense of the four-year repose provision of section 13—212(a) of the Code was not raised in the circuit court, and defendant seems to rely upon a theory that plaintiff cannot rely upon the advantage of the extension provisions of both of the two foregoing sections in the same case.

More particularly, defendant notes that section 13—217 of the Code provides that when a complaint is voluntarily dismissed, the plaintiff or his or her personal representative "may commence a new action within one year." (Ill. Rev. Stat. 1989, ch. 110, par. 13—217.) Defendant interprets the words "may commence *** within one year" as words of absolute limitation against an action being brought after the one-year period, rather than as words giving vitality to the action for that period of time without prohibiting possible further extension. We do not agree that section 13—217 prohibits further extension by other statutory provisions. Section 13—209(a), providing for survival actions, states it applies when "a person entitled to bring an action dies before the *expiration of the time limited for the commencement thereof.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 13—209(a).) Here, because of the extension granted plaintiff's decedent by section 13—217, he died "before the expiration of the time limited" for him to again commence an action seeking recovery for his injuries.

We recognize that a person who has had the benefit of section 13—217 has already had one concession. However, section 13—209(a) indicates a policy which recognizes that a hiatus may result from the death of an injured person and the personal representative of that person needs additional time to protect the rights of the estate of that person. The fact that the injured party had previously obtained an extension under section 13—217 ordinarily would not reduce the need of the personal representative for the one-year extension granted by sec-

tion 13—209(a). We know of no case directly in point, but we consider both the purpose of section 13—209(a) and its express language indicate an intention to extend the time which the personal representative had to file the survival action here for a period of one year after the decedent's death. Count II was timely filed. The court erred in dismissing it.

We are also unaware of any case directly in point in regard to operation of the four-year repose provision of section 13—212(a) of the Code where, as here, it was interjected by defendant to bar the wrongful death count, count I. However, we consider the strong statement of the supreme court in *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873, justifies the involuntary dismissal of that count. In *Hayes*, the court held that actions for contribution among medical providers in a medical malpractice case must be brought within the four-year period of repose of section 13—212(a) of the Code. The court stated:

> "We believe that the medical malpractice statute of repose bars *any* action after the period of repose seeking damages against a physician or other enumerated health-care provider for injury or *death* arising out of patient care ***." (Emphasis added.) *Hayes*, 136 Ill. 2d at 456, 557 N.E.2d at 876.

The *Hayes* court later noted the General Assembly's desire "to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability, *whether then existing or not.*" (Emphasis added.) (*Hayes*, 136 Ill. 2d at 459, 557 N.E.2d at 877.) The claims barred there were for contribution, which cannot be brought until an original complaint is brought. A cause of action for wrongful death does not arise until the death of the party wronged. (*Wyness v. Armstrong World Industries, Inc.* (1989), 131 Ill. 2d 403, 546 N.E.2d 58.) By analogy to *Hayes*, the four-year repose provision of section 13—212(a) of the Code could bar an action for wrongful death before the party wronged died.

Even under the foregoing analogy, the instant alleged cause of action for wrongful death was not extinguished before the decedent died on May 18, 1987. Under the allegations of the complaint filed by the personal representative, the last day of malpractice by defendant's decedent was September 13, 1983, less than four years before May 18, 1987. However, the complaint was not filed until May 17, 1988, which was more than four years after September 13, 1987, and analogy to *Hayes* would indicate the circuit court properly dismissed the wrongful death count in bar of action.

Cases cited applying section 13—212(a) of the Code in regard to wrongful death actions concentrate upon whether section 13—212(a) barred the decedent in his or her lifetime from bringing an action. They point out that section 1 of the Act permits recovery only if the deceased would have had a cause of action had he or she not died, and the tortfeasor "would have been liable if death had not ensued." (Ill. Rev. Stat. 1989, ch. 70, par. 1.) Those cases then determine whether any cause of action by the deceased was time barred.

*Real v. Kim* (1983), 112 Ill. App. 3d 427, 445 N.E.2d 787, involved an appeal from a circuit court order dismissing a complaint containing, as here, wrongful death and survival counts. The alleged acts of medical malpractice upon which the case was based occurred more than four years before the decedent died or the case was filed. The four-year repose provisions of section 21.1 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 22.1), which is now section 13—212(a) of the Code, were held to bar both actions. The court held the repose provisions barred the survival action. The court reasoned that because the repose provisions would have barred the decedent from bringing a cause of action for his injuries prior to his death, the wrongful death action was likewise barred since, under section 1 of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 1), the decedent had no cause of action at his death.

In *Wolfe v. Westlake Community Hospital* (1988), 173 Ill. App. 3d 608, 527 N.E.2d 912, a decedent's cause of action for medical malpractice was deemed to be still alive at the time of his death. The court noted the four-year repose period of section 13—212(a) of the Code had not expired then or at the time a survival action and one for wrongful death were filed. The court stated the *Kim* court's analysis was that a wrongful death action was derivative of the action the decedent would have if death had not occurred. The *Wolfe* court then held that there, the decedent would have been able to timely file at the time of his death and thus could file anytime within the two-year period for filing wrongful death actions permitted by section 2 of the Act. (Ill. Rev. Stat. 1985, ch. 70, par. 2.) Then the *Wolfe* court stated:

"Additionally, in a case where the negligent acts are alleged to have been *caused by a physician, the medical malpractice statute requires that, in any event, the cause of action must be filed within four years from the date of the negligent acts.*" (Emphasis added.) *Wolfe*, 173 Ill. App. 3d at 612, 527 N.E.2d at 915.

In *Janetis v. Christensen* (1990), 200 Ill. App. 3d 581, 558 N.E.2d 304, a personal representative appealed a summary judgment dismiss-

ing counts of a medical malpractice action against two physicians, seeking recovery on survival and wrongful death counts. The malpractice charged occurred in the summer and fall of 1982. The complaint was not filed until December 2, 1986, more than four years later. However, the opinion does not make clear whether the four-year repose provision of section 13—212(a) was raised, although the ruling turned upon whether the actions were time barred. The entire discussion in the opinion turns upon the application of the two-year limitations period of section 13—212(a), where the limitations period begins upon the injured party's discovery of the cause of action. The appellate court reversed and remanded on the theory that a factual question existed as to the date of discovery. Plaintiff maintains this case supports her position that the running of the four-year period from the time of the malpractice to the filing of a wrongful death complaint is not an absolute bar to that cause of action.

Plaintiff's argument that her wrongful death action here was not barred by the four-year repose provision follows, somewhat, the theory of the cited cases that the wrongful death action is derivative of the action her decedent had in his lifetime. She maintains that action was alive at the time of his death. She points out how section 13—217 of the Code preserved that action until defendant's death and argues that section 13—209(a) then operates to extend the time for bringing the wrongful death action, as well as the survival action, for one year. Section 13—209(a) does not seem to apply to wrongful death actions, as it refers to a cause of action which could have been brought by the decedent and which "survives." The wrongful death action is a new action.

■ The Act and the cases we have discussed point out that for a wrongful death action to exist the tortious act upon which the action is based must be one upon which the decedent could have sued if he or she was alive. A derivative relationship does exist between a survival action and a wrongful death action arising from the same tort. However, no case called to our attention has held that timeliness of a survival action necessarily gives vitality to a simultaneously filed wrongful death action with the same subject matter. The *Wolfe* court took pains to explain that each medical malpractice wrongful death case was subject to an additional rule of the filing within the four-year period from the tortious acts. The language in *Hayes* strongly reinforces the existence of this requirement, harsh though it may be here. The circuit court properly entered judgment in favor of defendant as to count I, the wrongful death count.

We affirm the judgment dismissing, in bar of action, count I of the complaint and reverse the judgment dismissing count II of the complaint. We remand to the circuit court of McLean County for further proceedings.

Affirmed in part; reversed in part and remanded.

McCULLOUGH and KNECHT, JJ., concur.