VIRGINIA LIMER, as Independent Ex'r of the Estate of James Limer, Deceased, Plaintiff-Appellant, v. MARY JANE LYMAN, as Independent Ex'r of the Estate of Homer C. Lyman, Deceased, Defendant-Appellee.

Fourth District   No. 4—92—0517

Opinion filed February 11, 1993.

James Walker, Ltd., of Bloomington (James Wylder, of counsel), for appellant.

Livingston, Barger, Brandt & Schroeder, of Bloomington (Christopher L. Nyweide, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by plaintiff Virginia Limer, as independent executor of the estate of James Limer, deceased, from a summary judgment of the circuit court of McLean County dismissing plaintiff's claim for medical malpractice. The trial court based its dismissal upon section 13—212(a) of the limitations article of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—212(a)). Plaintiff contends her action is not barred by the statute of limitations because the action was filed within the one-year period provided under section 13—209 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—209). We agree and, therefore, reverse and remand.

In August 1985, James Limer filed an action alleging Dr. Homer Lyman negligently failed to diagnose Limer's lung cancer. Limer alleged that the correct cancer diagnosis was subsequently made on September 13, 1983. The action was brought within two years of discovery and presumably within four years of the failure to discover. Limer voluntarily dismissed under section 13—217 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) on March 5, 1987, and died on May 18, 1987. Dr. Lyman died in December 1987. The present action was filed on May 17, 1988.

Section 13—217 of the Code allows for voluntary dismissal of a pending civil action, with the right to refile within one year even though the statute of limitations had run after the original filing. Section 13—209 of the Code *at the time relevant to this case* provided:

> "Death of party. If a person entitled to bring an action dies before the expiration of the time limited for the commencement

thereof, and the cause of action survives, an action may be commenced by his or her representatives before the expiration of that time, or within one year from his or her death whichever date is the later. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his or her executors or administrators after the expiration of the time limited for the commencement of the action, and within 6 months after the issuing of letters of office." Ill. Rev. Stat. 1985, ch. 110, par. 13—209.

The circuit court dismissed the action based upon the theory that section 13—217 of the Code prohibits further extension of limitations by other statutory provisions, thus cancelling any effect of section 13—209. On appeal, this court reversed, stating, "We do not agree that section 13—217 prohibits further extension by other statutory provisions." (*Limer v. Lyman* (1991), 220 Ill. App. 3d 1036, 1040, 581 N.E.2d 411, 414.) The opinion also stated, "The defense of the four-year repose provision of section 13—212(a) of the Code was not raised in the circuit court ***." *Limer*, 220 Ill. App. 3d at 1040, 581 N.E.2d at 414.

After remand from the prior appeal, defendant sought summary judgment, arguing that section 13—212(a) of the Code barred the May 17, 1988, filing because it was beyond the four-year provision of section 13—212(a). The trial court agreed and held:

"The statute of repose contained in section 13—212(a) barred James Limer's cause of action on September 13, 1985. He then had a lawsuit against Dr. Lyman on file. He dismissed it. Although not barred by the statute of limitations at the time of his death, his cause of action was barred by the statute of repose."

Plaintiff now appeals the dismissal which followed the above holding.

Defendant cites *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 456, 557 N.E.2d 873, 876, for the following proposition: "[Section 13—212(a) of the Code] bars any action after the period of repose seeking damages against a physician or other enumerated health-care provider for injury or death arising out of patient care, whether at law or in equity." In *Hayes*, the majority of the supreme court held that third-party complaints for contribution in medical malpractice actions must be filed within the four-year period provisions of section 13—212(a) of the Code.

*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 490 N.E.2d 665, is cited for the authority that the legislature intended to terminate the possibility of liability after the four-year "absolute repose period." In *Mega*, the court recognized:

"Under the general rule, in the wake of a statute shortening a limitations period or providing one where one did not exist previously, a plaintiff whose cause of action arose before that date will be allowed a reasonable period of time in which to bring his action." *Mega*, 111 Ill. 2d at 420, 490 N.E.2d at 667.

However, the main thrust of the decision was holding the four-year period of section 13—212 of the Code ("repose provision") constitutional, even where plaintiff had not discovered the negligence within the four-year period. Neither *Hayes* nor *Mega* dealt with the issue involving the effect of sections 13—217 and 13—209 of the Code on the "repose provision."

■■ The use of "repose" appears to separate the four-year provision of 13—212 of the Code from the two-year provision. The use of "repose" (when discussing the four-year period) and the use of "limitations" (when discussing the two-year period) would seem to indicate a difference between the two terms. However, Black's Law Dictionary provides the following definition of "limitation":

"Statutes of limitation are statutes of repose, and are such legislative enactments as prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced." Black's Law Dictionary 835 (5th ed. 1979).

We see no reason why the two-year limitations provision and the four-year repose provision should be given any different treatment than that of any other statute of limitations. The four-year provision is nothing more than a qualification that deals with the discovery provisions which arise from the nature of medical malpractice.

Sections 13—217 and 13—209 of the Code are enactments by the legislature which have been determined, right or wrong, to be necessary to avoid certain injustices. Unambiguous statutory terms which are not specifically defined must be given their plain and ordinary meaning. *Hayes*, 136 Ill. 2d at 455, 557 N.E.2d at 875.

■■ We find nothing in the legislative history or enactment indicating the medical malpractice statute of limitations should not be subject to the provisions of sections 13—209 and 13—217 of the Code. The four-year provision in section 13—212(a) was adopted to avoid the problem of an indefinite limitations period based upon the discovery

rule. Nothing indicates it was intended to avoid the remedial purposes of sections 13—217 and 13—209 of the Code.

In the previous appeal (*Limer*, 220 Ill. App. 3d at 1040-41, 581 N.E.2d at 414), our court determined section 13—209 could be used to extend the period of refiling allowed under section 13—217 of the Code. We now hold that section 13—217 refiling was not prohibited by the four-year provision of section 13—212(a) of the Code.

Reversed and remanded.

KNECHT and LUND, JJ., concur.