A99A2227. KIMBALL v. KGB TRANSPORT et al.
(527 SE2d 233)

BLACKBURN, Presiding Judge.

Beverly Kimball, individually and as the executrix of the estate of George Kimball, appeals from the trial court's determination that the six-month period for renewal of an action had expired before she refiled her complaint. Because we find the six-month period for renewal of the action had run, we affirm.

George Kimball initially filed suit on March 10, 1995, alleging that he was injured on August 27, 1993, as a result of the negligence and professional malpractice of Cedartown Medical & Therapy, Inc. and KGB Transport. When George Kimball died after the suit was filed, Beverly Kimball, as representative of his estate, was substituted as plaintiff. Thereafter, by an order entered on July 23, 1998, the trial court dismissed Kimball's suit for failure to file a pretrial order. The dismissal order improperly indicated it was signed in 1997, so the trial court then entered an amended order on August 18, 1998, stating that the correct signature date was in 1998, not 1997.

On January 26, 1999, Beverly Kimball filed the present renewal action. Thereafter, Cedartown Medical filed a motion for summary judgment and KGB Transport filed a motion to dismiss, both arguing that this action was filed after the period for renewal of the previous action had expired. The trial court granted the motions.

It is undisputed that, as the statute of limitation applicable to the cause of action had expired, Kimball had six months to refile the action under the renewal provisions of OCGA § 9-2-61.

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

OCGA § 9-2-61. Although the statute states that it applies where a plaintiff has dismissed an action, we have held that it applies to voluntary or involuntary dismissals where the merits were not adjudicated. *Swartzel v. Garner*, 193 Ga. App. 267 (387 SE2d 359) (1989).

The only issue before this Court is whether the six-month period under OCGA § 9-2-61 was triggered by the dismissal order entered July 23, 1998, or by the amended order of August 18, 1998. If the July order triggered the six-month period, as Cedartown Medical and KGB Transport contend, then the period expired before Kimball's action was filed. If the amended order triggered the six-month

period, Kimball's action was filed timely.

The trial court rejected Kimball's argument that because the signature date on the order — July 23, 1997 — was already more than six months prior, the order on its face precluded Kimball from filing a renewal action. Even assuming some confusion arose from the clerical error on the order, the parties knew when it was filed. The significant date is the date on which the order was entered on the record, not the date it was signed. *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29 (245 SE2d 324) (1978); *Milam v. Mojonnier Bros. Co.*, 135 Ga. App. 208 (217 SE2d 355) (1975); see OCGA § 9-11-58 (b). The filing date was stamped on the front page of the order. Moreover, Kimball's reliance on the August amended order is misplaced since that order expressly states that its only purpose was to correct the signature date of the July 23, 1998 order.

When the trial court's order of dismissal was filed on July 23, 1998, Kimball's previous action was dismissed. "Orders are not complete until filed or recorded." *Ga. Power Co.*, supra at 31. Under OCGA § 9-2-61, a plaintiff must refile the claims within six months of the dismissal. See *Owens v. Hewell*, 222 Ga. App. 563 (474 SE2d 740) (1996). Since Kimball refiled the suit more than six months later, the trial court properly found that Kimball's action was untimely.

*Judgment affirmed. Eldridge, J., concurs. Barnes, J., concurs in the judgment only.*

DECIDED DECEMBER 15, 1999 — 

*Mundy & Gammage, Miles L. Gammage, John S. Husser*, for appellant.

*Hall, Booth, Smith & Slover, Rebecca T. Christian, Roger S. Sumrall, Magruder & Sumner, J. Clinton Sumner, Jr., John A. Owens*, for appellees.