No. 2--09--0080      Filed: 1-20-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BHAGWAN DASS JAIN, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 08--AR--1012 |
| | ) | |
| KENNETH P. JOHNSON, Individually and | ) | |
| d/b/a Johnson and Associates, and | ) | |
| ROBERT KIRTLAND, | ) | Honorable |
| | ) | John T. Elsner, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

This case presents the question of whether the Illinois saving statute (735 ILCS 5/13--217 (West 2008)), which permits the refiling of certain dismissed actions within one year, creates an exception to the statute of repose for legal malpractice actions (735 ILCS 5/13--214.3(c) (West 2008)). For the following reasons, we hold that it does.

On May 7, 2001, the plaintiff, Bhagwan Dass Jain, filed a legal malpractice action against the defendants, his former lawyers, for malpractice allegedly accruing on May 9, 1999. (The defendants allegedly failed to file a lawsuit on the plaintiff's behalf before the statute of limitations expired.) The parties agree that the malpractice action was filed within the applicable statutes of limitations and repose contained in section 13--214.3 of the Code of Civil Procedure (Code) (735 ILCS 5/13--214.3 (West 2008)). During the pendency of the case, however, both the statute of

limitations and the statute of repose expired. After lengthy delays attributable to both parties, on March 10, 2008, the case was dismissed for want of prosecution. A little over two months later, on May 19, 2008, the plaintiff refiled the case under the Illinois saving statute, section 13--217 of the Code (735 ILCS 5/13--217 (West 2008)). The defendants moved to dismiss under section 2--619 of the Code (735 ILCS 5/2--619 (West 2008)), arguing that the refiled suit was barred by the six-year statute of repose for claims of legal malpractice. 735 ILCS 5/13--214.3(c) (West 2008). The plaintiff argued that the saving statute created an exception to the statute of repose, because under the saving statute, a plaintiff has an absolute right to refile (within one year) a case that was dismissed for want of prosecution. The trial court agreed with the defendants and granted the motion to dismiss, and the plaintiff filed a timely notice of appeal.

"Section 2--619 motions present a question of law, and we review rulings thereon de novo." DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006). Moreover, where the determination of the motion involves an issue of statutory construction, we review the judgment de novo. Lee v. John Deere Insurance Co., 208 Ill. 2d 38, 43 (2003).

In any case involving the interaction of two statutes, we begin with the language of the statutes at issue. Section 13--214.3(c) of the Code contains the statute of repose for legal malpractice actions. It states, in relevant part, that an action for legal malpractice "may not be commenced in any event more than 6 years after the date on which the act or omission occurred." 735 ILCS 5/13--214.3(c) (West 2008). Section 13--217, the saving statute, states:

> "In the actions specified in Article XIII of this Act or any other act or contract where
>
> the time for commencing an action is limited, if *** the action is dismissed for want of
>
> prosecution, *** then, whether or not the time limitation for bringing such action expires

during the pendency of such action, the plaintiff *** may commence a new action within one

year or within the remaining period of limitation, whichever is greater, after *** the action

is dismissed for want of prosecution." 735 ILCS 5/13--217 (West 1994).[1]

The parties agree that the saving statute creates an exception to statutes of limitations, so that an

action that was timely filed at its inception may, under the saving statute, be refiled within one year

after a dismissal on one of the bases enumerated in the statute, even if the statute of limitations

expired prior to the date of refiling. The primary issue on appeal is whether the saving statute creates

a similar exception to a statute of repose.

"[A] statute of repose differs from a statute of limitations in that a statute of limitations

governs the time in which lawsuits may be commenced after a cause of action has accrued, while a

statute of repose extinguishes the action itself after a fixed period of time, regardless of when the

action accrued." DeLuna, 223 Ill. 2d at 61. A statute of limitations generally does not begin to run

until the plaintiff discovers (or reasonably should have discovered) his injury. By contrast, a statute

of repose generally begins to run at the time of the defendant's allegedly culpable act and cuts off the

right to bring a claim after a certain period of time, regardless of when or even whether the plaintiff

discovers that the defendant's act caused him injury. Hinkle v. Henderson, 85 F.3d 298, 301 (7th Cir.

1996).

---

[1]"This version of section 13--217 preceded the amendments of Public Act 89--7, §15, eff.

March 9, 1995. [The supreme] court found Public Act 89--7 unconstitutional in its entirety in Best

v. Taylor Machine Works, 179 Ill. 2d 367 (1997). The version of section 13--217 currently in effect

is, therefore, the version that preceded the amendments of Public Act 89--7." Hudson v. City of

Chicago, 228 Ill. 2d 462, 469 n.1 (2008).

However, there are also similarities between statutes of limitations and statutes of repose. The most obvious is that both limit the time in which an action may be brought, and thus each type of statute sets a "period of limitation" on an action, although those periods are calculated differently. Both types of statute are contained in article XIII of the Code. See 735 ILCS 5/13--101 et seq. (West 2008).

In construing a statute, our task is to "ascertain and give effect to the legislature's intent." Lieb v. Judges' Retirement System, 314 Ill. App. 3d 87, 92 (2000). The best indicator of the legislature's intent is the plain language of the statute. Lee, 208 Ill. 2d at 43. "One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole," and thus "words and phrases must be interpreted in light of other relevant provisions of the statute." J.S.A. v. M.H., 224 Ill. 2d 182, 197 (2007). "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction." Lee, 208 Ill. 2d at 43. "However, if the language of a statute is ambiguous, courts may look to tools of interpretation to ascertain the meaning of a provision." DeLuna, 223 Ill. 2d at 59.

In DeLuna, the supreme court interpreted one of the sections of the Code involved here: the limitations provisions applicable to legal malpractice actions. The issue was whether section 13--214.3(e) of the Code, which provides that the "period of limitations" for such an action is tolled during the minority or disability of the person entitled to sue, tolled the six-year statute of repose as well as the two-year statute of limitations. The plaintiffs also claimed that both statutes had been tolled by the attorney's fraudulent concealment of the injury. DeLuna, 223 Ill. 2d at 56. The court ultimately concluded that the statute of repose was tolled during minority or disability (DeLuna, 223

Ill. 2d at 65), and also was subject to an exception in cases of fraudulent concealment (DeLuna, 223 Ill. 2d at 74). In the course of doing so, the court made several points that are relevant here.

The supreme court first held that the phrase used in the legal malpractice minority tolling provision (735 ILCS 5/13--214.3(e) (West 2008)), "period of limitations," was ambiguous. DeLuna, 223 Ill. 2d at 62. The court noted that article XIII of the Code is titled simply "Limitations," although it contains both statutes of limitations and statutes of repose. DeLuna, 223 Ill. 2d at 61. In addition, the legislature used the term "repose" only twice in all of article XIII (and one instance was in the title of the provision only), although the article contains many statutes of repose. Nevertheless, the legislature clearly knows the difference between a statute of limitations and a statute of repose, and could have chosen to use those more exact terms but did not. DeLuna, 223 Ill. 2d at 61-62. Therefore, the phrase "period of limitations" could refer either to the statute of limitations, or to the statute of repose, or to both. DeLuna, 223 Ill. 2d at 62.

The legislature used an almost identical term in the saving statute at issue here, which provides that a plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." (Emphasis added.) 735 ILCS 5/13--217 (West 1994). We believe that the term "period of limitation" in the saving statute is equally ambiguous as the term at issue in DeLuna, "period of limitations." The saving statute also refers to "the time limitation for bringing such action." On its face, this phrase could refer either to the statute of limitations or to the statute of repose, or both. This phrase is therefore ambiguous as well. Thus, we (like the supreme court in DeLuna) must look to other tools of statutory construction to determine whether the legislature intended to include statutes of repose within the "period of limitation" referred to in the saving statute. DeLuna, 223 Ill. 2d at 59.

In DeLuna, the supreme court next noted the location of the tolling provision at issue: it was not placed within either the subsection setting a statute of limitations for legal malpractice actions (subsection 13--214.3(b) of the Code) or the subsection establishing a statute of repose (subsection 13--214.3(c)), but rather followed both of those subsections in its own subsection (subsection 13--214.3(e)). DeLuna, 223 Ill. 2d at 63. The supreme court stated that the position of the provision at issue within the overall organization of a statute may reflect the legislature's view of how different parts of a statute should interact. DeLuna, 223 Ill. 2d at 63-64, citing Bruso v. Alexian Brothers Hospital, 178 Ill. 2d 445, 453 (1997). The separate and subsequent location of the minority tolling provision suggested that it was meant to apply to both the statute of limitations and the statute of repose. DeLuna, 223 Ill. 2d at 64.

The supreme court used the same positional analysis in its later consideration of whether section 13--215 of the Code, relating to fraudulent concealment, applied to the legal malpractice statute of repose as well as the statute of limitations. Section 13--215 provides that, "[i]f a person liable to an action fraudulently conceals the cause of action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action." 735 ILCS 5/13--215 (West 2008). In finding that the fraudulent concealment statute created an exception to the legal malpractice statute of repose, the supreme court relied in part on the fact that section 13--215 comes after section 13--214.3(c) in article XIII. DeLuna, 223 Ill. 2d at 67. The supreme court stated that, using the positional analysis developed in Bruso, "it can be inferred that section 13--215 applies to all of the preceding sections." DeLuna, 223 Ill. 2d at 67. Applying this positional analysis to our case, we observe that the legal malpractice statute of repose (section 13--214.3(c)) precedes the

saving statute (section 13--217), suggesting that the legislature intended the saving statute to create an exception to the legal malpractice statute of repose, similar to the exception created by the fraudulent concealment statute. DeLuna, 223 Ill. 2d at 74.

Lastly, the supreme court in DeLuna compared the issues before it, which arose in the context of an action for legal malpractice, with existing case law relating to actions for medical malpractice. The court noted that, in the context of actions for medical malpractice, it had already decided that similar minority tolling provisions applied to the statute of repose (Bruso, 178 Ill. 2d at 453; Antunes v. Sookhakitch, 146 Ill. 2d 477, 491-92 (1992)), and it had indicated that the fraudulent concealment statute might also create an exception to that statute of repose (Anderson v. Wagner, 79 Ill. 2d 295, 321-22 (1979)). DeLuna, 223 Ill. 2d at 72. Commenting that doctors and lawyers occupy similar positions of trust in society, the court stated that "it is inconceivable that the legislature would have intended to limit physicians' reliance upon the medical malpractice statute of repose, when physicians have fraudulently concealed a cause of action from their patients, but *** allow attorneys to benefit from the legal malpractice statute of repose, where they have done the same to their clients." (Emphasis in original.) DeLuna, 223 Ill. 2d at 73.

Once again, the same analysis--the existence of case law regarding the statute of repose for medical malpractice, and its applicability to actions for legal malpractice--is relevant to our case. Although the Illinois Supreme Court has not decided the issue, two other courts have addressed whether the saving statute creates an exception to the statute of repose for medical malpractice. In Limer v. Lyman, 241 Ill. App. 3d 125, 129 (1993), the Illinois Appellate Court held that a plaintiff could refile a voluntarily dismissed medical malpractice action within one year under the saving statute, although the four-year statute of repose for such actions had expired (Ill. Rev. Stat. 1991, ch.

110, par. 13--212, now 735 ILCS 5/13--212(a) (West 2008)). The court held that, despite the distinction between statutes of limitations and statutes of repose, there was no reason to give them different treatment under the saving statute. The saving statute (and the death tolling provisions of section 13--209, also at issue in Limer) were both

> "enactments by the legislature which have been determined, right or wrong, to be necessary to avoid certain injustices. ***

> *** The four-year provision [statute of repose] in section 13--212(a) was adopted to avoid the problem of an indefinite limitations period based upon the discovery rule. Nothing indicates it was intended to avoid the remedial purposes of sections 13--217 and 13--209 of the Code." Limer, 241 Ill. App. 3d at 128-29.

Thus, the plaintiff could refile her action under the saving statute despite the expiration of the applicable statute of repose.

In Hinkle v. Henderson, 85 F.3d 298 (7th Cir. 1996), our local federal court of appeals reached the same conclusion. Hinkle, 85 F.3d at 300-01. The court first noted that the weight of authority was clear: several states and the Illinois Appellate Court had held that a medical malpractice statute of repose did not bar the refiling of a case under the saving statute (See v. Hartley, 257 Kan. 813, 896 P.2d 1049 (1995); Cronin v. Howe, 906 S.W.2d 910 (Tenn. 1995); Limer, 241 Ill. App. 3d at 129; Vesolowski v. Repay, 520 N.E.2d 433 (Ind. 1988); Wade v. Reynolds, 34 Ohio App. 3d 61, 517 N.E.2d 227 (1986)), but only one state supreme court had held to the contrary (Wright v. Robinson, 262 Ga. 844, 426 S.E.2d 870 (1993)).

In trying to predict how the Illinois Supreme Court would rule on the issue of whether the expiration of the statute of repose would bar the refiling of a medical malpractice action under the

saving statute, the court examined the purpose of the two statutory provisions. The medical malpractice statute of repose "embodies two essential and related purposes: [first,] to prevent indefinite potential liability for a particular act or omission *** and second, to afford defendants (and insurance companies) greater certainty in predicting potential liability." Hinkle, 85 F.3d at 302; see Anderson, 79 Ill. 2d at 307-08. The purpose of the saving statute is to encourage and permit the disposition of litigation on the merits and prevent the failure of an action on technical grounds unrelated to the merits. Hinkle, 85 F.3d at 302, citing DeClerck v. Simpson, 143 Ill. 2d 489, 492 (1991). When a plaintiff refiles a case within one year and also within the applicable statutes of limitations and repose, there is no conflict between the statutes. However, when the statute of limitations or repose expired before the action was refiled, applying the saving statute would extend the time limits contained in those statutes for up to one year, thereby possibly frustrating the purpose of those statutes for that additional length of time.

Noting that "[n]o one disputes that the savings provision applies when statutes of limitations are involved" and that "[t]he savings statute expressly applies to cases 'where the time for commencing an action is limited,' which on its face includes both statutes of limitation and statutes of repose" (Hinkle, 85 F.3d at 302), the court held that the question was whether the purposes of the statute of repose were sufficiently different from the purposes of the statute of limitations to justify excluding the statute of repose from the ambit of section 13--217 (Hinkle, 85 F.3d at 303).

The court concluded that applying the saving statute to a statute of repose created no greater frustration of purpose than applying it to a statute of limitations. The first purpose of the statute of repose, eliminating indefinite potential liability, is not frustrated by the application of the saving statute, because the addition of up to one year to the time limit set by the statute of repose still results

in a finite period and does not "create the type of indefinite potential liability" that the statute of repose was designed to prevent. Hinkle, 85 F.3d at 303. The second purpose of the statute of repose is to afford defendants greater certainty through the knowledge that, after the time limit set in the statute has expired, they can no longer be sued for a particular act. The court observed that applying the saving statute to permit refiling frustrates this purpose only if the defendant was unaware of the original suit to begin with. "Where the defendant knows that plaintiff has brought an action, usually from receiving service, he must be presumed to understand that a procedural defect in the action may cause a delay of up to one year pursuant to the savings statute." Hinkle, 85 F.3d at 303. And, in cases in which the defendant was not served in the original suit, the defendant would still be protected because the refiled suit would be subject to dismissal for failure to comply with Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)). Hinkle, 85 F.3d at 305, citing O'Connell v. St. Francis Hospital, 112 Ill. 2d 273, 281 (1986). Thus, neither of the purposes of the statute of repose would be frustrated by the application of the saving statute. Hinkle, 85 F.3d at 304.

As noted by the supreme court in DeLuna, cases involving the medical malpractice statute of repose are relevant to an analysis of issues involving the legal malpractice statute of repose. Thus, Limer and Hinkle, which analyzed the interaction between the medical malpractice statute of repose and the saving statute, are instructive here, where the issue is the interaction between the saving statute and the legal malpractice statute of repose. For the same reasons stated in Hinkle and Limer, applying the saving statute to permit refiling of the plaintiff's case would not frustrate the purposes of the legal malpractice statute of repose. The defendants offer no explanation why the reasoning of Hinkle and Limer would not apply here.

Rather than distinguishing Hinkle and Limer, the defendants raise narrower arguments. They point out that the statute of repose (735 ILCS 5/13--214.3(c) (West 2008)) provides that a legal malpractice action "may not be commenced in any event" more than six years after the allegedly negligent act occurred. They then argue that this means that the six-year period must be applied unless the saving statute trumps it, and assert that the plaintiff has not adequately shown that it does. The defendants do not include any actual argument or cite legal support for the idea that the "not *** in any event" language of the statute of repose is mandatory, and thus they have forfeited this argument. 210 Ill. 2d R. 341(h)(7); Mikolajczyk v. Ford Motor Co., 374 Ill. App. 3d 646, 677 (2007). Moreover, at oral argument the defendants conceded that there are several exceptions to the legal malpractice statute of repose (see DeLuna, 223 Ill. 2d at 67-68), and thus it cannot be read as imposing an inflexible barrier to suit. See also McRaith v. BDO Seidman, LLP, 391 Ill. App. 3d 565, 578-79 (2009) (rejecting the argument that similar language inflexibly requires the enforcement of statutes of repose in every case, noting that statutes of repose may be extended by minority tolling and fraudulent concealment provisions, and in a medical malpractice case, by a continuing course of negligent treatment).

The saving statute grants plaintiffs "an absolute right" to refile within one year when their cases fall within the other strictures of section 13--217. See, e.g., Case v. Galesburg Cottage Hospital, 227 Ill. 2d 207, 215 (2007) ("section 13--217 grants a plaintiff the absolute right to refile a dismissed complaint. We may not infringe upon this statutory right to refile"); Timberlake v. Illini Hospital, 175 Ill. 2d 159, 163 (1997) ("Section 13--217 provides plaintiffs with the absolute right to refile their complaint within one year"). Just as the right to refile creates a limited exception to the statute of limitations for legal malpractice, it creates a similar exception, limited to one year, to

the legal malpractice statute of repose. The trial court therefore erred in holding that the expiration of the statute of repose barred the plaintiff from refiling his action within one year under the saving statute.

The defendants raise one other argument on appeal that is unrelated to the interaction between the saving statute and the legal malpractice statute of repose, asserting that the legislature did not intend to include dismissals for want of prosecution within the scope of the saving statute. They base this argument on the Civil Justice Reform Amendments of 1995 (Act) (Pub. Act 89--7, eff. March 9, 1995), which contained among other things an amendment to the saving statute that (1) removed dismissals for want of prosecution from the catalog of cases in which refiling was permitted and (2) further provided that "[n]o action which is *** dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired." The defendants cite In re Detention of Lieberman, 201 Ill. 2d 300, 320-21 (2002), for the proposition that "[a] subsequent amendment to a statute may be an appropriate source for discerning legislative intent," and they argue that the Act's amendment shows a legislative intent to exclude dismissals for want of prosecution from the saving statute.

There are several problems with this argument. To begin with, the "legislative intent" identified by the defendants is directly contrary to the plain language of the saving statute in its present form. As we have explained (see footnote 1), in Best v. Taylor Machine Works, the supreme court held that some of the other provisions of the Act were unconstitutional, and because those provisions could not be severed, the Act was void in its entirety. Best, 179 Ill. 2d at 459-67. As a result, the Act's amendment to the saving statute was ineffective and the statute reverted to its previous form (see Hudson, 228 Ill. 2d at 469 n.1), which includes dismissals for want of prosecution

within the kinds of dismissals for which refiling is permitted. Thus, the plain language of the saving statute in its present form permits the refiling of actions dismissed for want of prosecution. We can draw no inferences regarding legislative intent that are contrary to the plain language of the present form of the statute. See People ex rel. Ryan v. AGPRO, Inc., 214 Ill. 2d 222, 231 (2005) ("We have never held that a subsequent amendment may replace the plain meaning as the best evidence of the legislature's original intent"). Lieberman is inapplicable, as it concerns only valid amendments to a statute, not invalidated and ineffective amendments to a statute. Lastly, we note that, although Best was issued in 1997, in the years since then the legislature has not seen fit to reenact the Act's amendment to the saving statute. Thus, as far as can be determined, any previous legislative intent to remove dismissals for want of prosecution from the saving statute has waned. For all of these reasons, the Act provides no basis on which to hold that the plaintiff may not refile this action under the saving statute.

The judgment of the circuit court of Du Page County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

O'MALLEY and HUDSON, JJ., concur.