**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 29, 2024**

# In the Court of Appeals of Georgia

A24A0987. SANGSTER v. MCGILLVARY et al.

PIPKIN, Judge.

Appellant Lonyay Sangster appeals the grant of summary judgment to Appellees Dr. Gary McGillivary and Emory Healthcare (hereinafter "McGillivary") after the trial court concluded that Sangster's renewal action was barred by the statute of repose applicable to medical malpractice actions. See OCGA § 9-3-71 (b) ("[I]n no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."). For the reasons set forth below, we must vacate the judgment of the trial court and remand this case for the court to consider the issue of tolling as laid out in the Georgia Supreme

Court's recent opinion of *Golden v. Floyd Healthcare Mgmt.*, 319 Ga. 496 (904 SE2d 359) (2024).

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Yim v. Carr*, 349 Ga. App. 892, 893 (1) (827 SE2d 685) (2019) (quoting OCGA § 9-11-56 (c)). On appeal, "we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions. Moreover, we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." (Citations and punctuation omitted.) *Bryant v. Optima Intl.*, 339 Ga. App. 696, 696 (792 SE2d 489) (2016).

Here, the relevant facts and procedural history are undisputed. Sangster sued McGillivary for medical malpractice stemming from Sangster's April 24, 2018, carpal tunnel operation. Sangster originally filed the complaint on February 24, 2020, but it was later involuntarily dismissed by the trial court without prejudice on July 13, 2023, for want of prosecution. Sangster filed a renewal action on August 16, 2023. See

OCGA § 9-2-61 (a).[1] Shortly thereafter, McGillivary filed a motion for summary judgment contending that the renewal action was barred by the five-year statute of repose that had expired on April 24, 2023. The trial court agreed and granted summary judgment to McGillivary.

In his sole enumeration, Sangster argues, as he did below, that the renewal statute creates an exception to the medical malpractice's five-year statute of repose. We disagree. It is well settled that

> a properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation. Accordingly, if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired. However, the Supreme Court of Georgia has held that the legislature never intended for the dismissal and renewal statutes to overcome the five-year statute of repose for medical malpractice actions set forth in OCGA § 9-3-71 (b).
>
> [Instead, t]he five-year statute of repose stands as an unyielding barrier to a plaintiff's right of action, is absolute, and destroys the previously

---

[1] "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once."

existing rights so that, on the expiration of the statutory period, the cause of action no longer exists. Thus, if a plaintiff refiles her action for medical malpractice more than five years after the date upon which the alleged negligent act or omission occurred, the action is subject to dismissal pursuant to OCGA § 9-3-71 (b).

(Citations and punctuation omitted.) *Fuller Life Chiropractic Center v. Threadgill*, 370 Ga. App. 256, 259 (896 SE2d 15) (2023). Still, Sangster contends that this case law should not apply to his case because, he argues, unlike *Threadgill* and similar cases, his action was involuntarily dismissed. We are not persuaded.

As an initial matter, Sangster fails to conduct any statutory analysis in order to show how the plain language of the renewal statute creates an exception to the statute of repose.[2] Further, our review of the plain language of OCGA § 9-2-61 (a) and OCGA § 9-3-71 (b), reveals nothing that distinguishes between cases which are voluntarily dismissed and cases which are involuntarily dismissed. See *Deal v. Coleman*, 294 Ga. 170, 173 (1) (a) (751 SE2d 337) (2013) ("[I]f the statutory text is clear and

---

[2] Instead, Sangster relies on a case from Illinois that is inapplicable to his case. See *Jain v. Johnson*, 398 Ill. App. 3d 135, 138-144 (922 NE2d 1188) (2010) (interpreting the ambiguous language in Illinois' "saving statute" to create a limited one-year refiling exception to Illinois' legal malpractice statute of repose). Indeed, the language of the Illinois statutes at issue in *Jain* do not mirror the Georgia statutes at issue here. Accordingly, the statutory analysis from *Jain* is of no assistance to this Court.

unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end."). This Court has previously held that the plain language of OCGA § 9-2-61 (a) "applies to voluntary or involuntary dismissals where the merits were not adjudicated." (Citation omitted.) *Kimball v. KGB Transport*, 241 Ga. App. 511, 511 (527 SE2d 233) (1999). Regarding, OCGA § 9-3-71 (b), the statute of repose clearly states "*in no event* may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." (Emphasis supplied.) In other words, the legislature has plainly stated that the statute of repose applies no matter if an action was voluntarily or involuntarily dismissed. Accordingly, the trial court did not err in granting summary judgment to McGillivary on this basis.

That said, after the trial court issued its order in this matter and after this appeal was filed, our Supreme Court reversed our decision in *Golden v. Floyd Healthcare Mgmt.*, 368 Ga. App. 409 (890 SE2d 288) (2023), and determined that the order declaring a statewide judicial emergency in response to the COVID-19 pandemic could toll the statute of repose. See generally *Golden*, 319 Ga. 496. In light of this opinion, we find it necessary to remand this case to the trial court to consider whether,

under the facts of this case, the statue of repose was tolled by the statewide judicial emergency order.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Gobeil, J., concur.*